[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 626 
Whether a new trial of the issues determined by the Special Term should have been granted, upon the ground that the appellant or her counsel was misled by an intimation of the judge as to the state of the question presented or the disposition proper to be made of it, or whether in consequence of this any hearing upon such issue or any part of it should be had before the referee, were questions addressed to the discretion of the court, and the determination thereof by the General Term cannot be reviewed by this *Page 629 
court. The appeal from the order of the General Term, affirming the order of the Special Term denying the motion of the appellant for such new trial or hearing, must be dismissed.
The questions arising upon the appeal from the order denying a new trial upon the exceptions taken by the appellant, and upon the appeal of the same party from the judgment, are so nearly identical that a separate consideration is unnecessary. The appellant excepted to the finding of the Special Term that there was no gift of the government bonds amounting to $42,750 by the intestate to the appellant. This exception raises the question in this court whether the evidence conclusively proved that such gift was made by him to her. The relation of husband and wife, existing between the donor and donee at the time of the alleged gift, would not render it invalid; if in fact made, equity will sustain and enforce it. (2 Kent's Com. [10th ed.], 589, 590;Kingdon v. Bridges, 2 Vern., 67; Draper v. Jackson,16 Mass., 480; Williams on Exrs., 714.) But the fact of the gift having been made must be clearly proved. (Jennings v. Davis,31 Conn., 138; Walter v. Hodge, 2 Swanston, 92; Williams on Exrs., 715; Mews v. Mews, 15 Beavan, 529.) In this case as presented in this court, as we have seen, the proof must be conclusive, otherwise it would not be an error in law which can be corrected by this court; an examination of the evidence upon the trial fails to show this. It was proved that the intestate, at the time of leaving his home to remain for a considerable time absent from the country, had about $40,000 in United States coupon treasury notes; that just before leaving he procured a tin box, placed the notes therein, with a card, with the name of his wife (the appellant) placed thereon, and deposited the box in a bank, leaving the key with her; that during his absence these notes were exchanged by the direction of the appellant into government coupon five-twenties; that his wife wrote him in relation thereto, but the contents of her letters were not shown. In answer, the intestate wrote her that she might procure bonds registered in her name or in the names of both; that she did *Page 630 
thereafter procure, for the coupon bonds, bonds registered in both their names. This failed to show that the intestate intended to divest himself of all title to the bonds and vest them in his wife. As he was leaving, perhaps for years, some one must have the custody of the treasury notes. The interest thereon was to be collected and the proceeds applied to the support of his wife and children. Having entire confidence in his wife the property was placed in her custody and control; she collected the interest and applied it to the purposes intended. When it was deemed prudent, for safety, registered bonds were procured, and to enable the wife to collect the interest thereon her name was used in the registration. All this was consistent with an intention of the intestate to retain his title to the bonds. Had he remained in the country, where he could have attended to this business himself, and had himself procured bonds to be registered in the names of both, a different inference would arise. In such a case, the presumption would be that he intended that the wife should have them, in case of his death leaving her surviving. I have not referred to the testimony upon this point taken before the referee upon the accounting; that is not properly before the court upon this question. The conclusion of the referee, that this question was disposed of by the Special Term, was correct. I will, however, remark that I have examined all the testimony upon this point, taken by the referee, and that if this should be considered in connection with that at the Special Term it would not change the result.
The General Term, upon appeal, modified the judgment of the Special Term by providing that the judgment should not be conclusive as to the amount of the bonds which were the property of the intestate at the time of his death, and for which the appellant was accountable as administratrix. This was a question to be determined by the referee. Upon the hearing before him, it was conclusively proved that $4,000 of the bonds were sold by the appellant some ten months before the death of he intestate, and the proceeds paid by her upon the purchase *Page 631 
of a house, the title to which she took in her own name, and evidence was given strongly tending to show that this was done with the approbation of the testator. The referee, nevertheless, charged the appellant with these bonds, together with the interest that would have accrued thereon, the same as if they had not been sold. This was error. The intestate had no such personal property at the time of his death. This had been converted into real estate, and the appellant was not accountable therefor as personal property. It is insisted by the counsel for the respondent that, conceding this to be so, she became the debtor of her husband for the bonds so used, and, as the action was brought against her in her individual as well as representative capacity, this debt may be recovered in the action. In this I cannot concur. A wife does not become the debtor of her husband by making an extravagant or unauthorized use of property which he intrusts to her management and control. If she therewith purchases property, real or personal, without authority, his remedy is to rescind the contract and recover from the vendors what they have received, if he can, and if he cannot, he must take the property purchased. He cannot treat this as her separate estate and charge her with the money she paid therefor. The law creates no such liability of the wife to the husband as a consequence of her dealing with his property. But it is hardly necessary in this case to pass upon this question, for the reason that, as I think, the referee should have found that this entire transaction was approved of at the time by the intestate.
The referee also erred in charging the appellant with interest upon the money she placed in the hands of Deforest Co. at seven per cent, while she received only four and five per cent therefor. It appears that they acted as her bankers. An executor or administrator is not chargeable with interest not received by him, unless it appears that he has used the money himself, or that by reasonable diligence interest might have been received. There is nothing whatever in this case showing that the appellant could have *Page 632 
obtained any more interest upon this money, or that she was guilty of any fault in this respect.
The order denying a new trial must be affirmed, and the judgment modified by deducting from the amount of the personal estate of the deceased, with which the appellant is charged, the $4,000 of bonds sold in the lifetime of the testator, with the interest computed thereon; and a further deduction therefrom must be made of the amount of interest upon money in the hands of Deforest Co., charged to her in excess of the sum received by her therefor, and that the amounts to be paid to each of the parties entitled to distributive shares be reduced so as to correspond therewith, and that, as so modified, the judgment be affirmed, without costs in this court to any of the parties.
All concur, except ALLEN, J., not sitting.
Judgment accordingly. *Page 633