SARAH M. MANCHESTER, Respondent, *v.* J. WARREN TIBBETTS, Appellant.

When a wife, by proper and sufficient evidence, establishes an indebtedness of her husband to her, she is entitled to the same remedies and has the same standing to enforce any security given for payment of the debt as any other creditor.

As against such an indebtedness, the husband is not obliged, by any duty he owes his other creditors, to interpose the Statute of Limitations as a defense.

Where, therefore, a husband gave to his wife a chattel mortgage to secure, what the evidence produced by her tended to show and the referee found to be, an indebtedness actually and honestly due from him to her, and it was also found that the mortgage was not given to hinder, delay and defraud creditors, *held*, that she could maintain an action for conversion against one who took the property from her possession, under an execution against the husband; and this, although as against a portion of said indebtedness, the Statute of Limitations would have been a bar at the time of the execution of the mortgage.

(Submitted March 21, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made April 17, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages for the alleged unlawful taking and conversion of certain personal property.

The facts are sufficiently stated in the opinion.

*D. F. Van Vleet* for appellant. The mortgage was fraudulent and void. (2 R. S. 136, § 5; *Look* v. *Comstock*, 15 W. R. 244; *Camp* v. *Camp*, 2 Hill, 628; *Otis* v. *Sill*, 8 Barb. 102; *Randall* v. *Cook*, 17 W. R. 53; *Edyell* v. *Hand*, 9 N. Y. 213; *Russell* v. *Winnes*, 37 id. 591; *Griswold* v. *Sheldon*, 4 id. 581; *Adams* v. *Davidson*, 10 id. 309; *Dutcher* v. *Swartwood*, 15 Hun, 31; *Crandall* v. *Brown*, 18 id. 461; *Steele* v. *Benham*, 84 N. Y. 633; *Potts* v. *Hart*, 99 id. 168; *Dolan* v. *Eddy*, 16 Wend. 523; *Hangen* v. *Hachemeister*, 114 N. Y. 566.) A chattel mortgage transfers to the mort-

gagee the whole legal title to the mortgaged property, subject however to be defeated by the performance of the conditions of the mortgage. (*Butler* v. *Miller*, 1 N. Y. 496; *Mattison* v. *Baucus*, Id. 295; *Stewart* v. *Taylor*, 7 How. Pr. 251; *Fox* v. *Burns*, 12 Barb. 677; *Hall* v. *Sampson*, 35 N. Y. 274.) After the execution of a chattel mortgage transferring the whole legal title to the mortgagee, the mortgagor has simply a right of redemption. (*Hathaway* v. *Brahmin*, 42 N. Y. 324; *Hull* v. *Cornleigh*, 11 id. 502; 17 id. 202; *Hewson* v. *Walter*, 34 How. Pr. 385.) Independent of all legal questions, the plaintiff's mortgage was clearly and palpably void as to creditors as a question of fact. (*Billings* v. *Russell*, 101 N. Y. 226.) The report of the referee ignores and disregards the proper, fair and evident intention of the parties in the execution of the mortgage. (*Sperry* v. *Baldwin*, 46 Hun, 124.)

*Simeon Smith* for respondent. This court will not look into the evidence to see if the referee and General Term were wrong in their findings of fact, but will assume for the purposes of this appeal that the facts are as found by the lower courts. (*Lewis* v. *Ingersoll*, 38 N. Y. 347; *Newton* v. *Harris*, 6 id. 345; 35 id. 664; *Bergin* v. *Wemple*, 30 id. 319; *Thompson* v. *Kessel*, 30 id. 383; *Kerr* v. *McGuire*, 28 id. 446; *Lobdell* v. *Lobdell*, 36 id. 327; *In re Ross*, 87 id. 514, 518; 105 id. 648; *Vesmithyea* v. *Palmer*, 52 id. 471; *Learned* v. *Tillston*, 97 id. 1.)

O'BRIEN, J. The plaintiff recovered the value of certain articles of personal property which she claimed had been transferred to her by her husband by means of a chattel mortgage. This instrument was dated October 28, 1886, and on the same day was filed in the county clerk's office. It purported upon its face to have been given to secure the payment, in one day after date, of the sum of $1,016.06, due and owing by the husband to the wife. The instrument transfers numerous articles of personal property then in the possession of the hus-

band, who kept a saloon and cigar store. It contained the usual clause authorizing the mortgagee, in case payment should not be made when due, or in case the mortgagee should at any time deem it unsafe, to take possession of the property and sell the same at public or private sale, and apply the proceeds to the satisfaction of the debt.

The defendant justified the taking of the property under a judgment confessed by the husband to certain of his creditors on December 4, 1886, upon which execution was issued to the defendant as sheriff, and by virtue of which he seized and sold the property as that of the husband.

On the trial of the action before a referee, the main issue litigated was the purpose and consideration of the chattel mortgage through which the plaintiff derived her title. The contention on the part of the defendant was that this instrument was fraudulent, and considerable proof was given to support that charge. On the other hand, both the plaintiff and her husband were sworn, and they testified that when the mortgage was given the husband actually and honestly owed his wife the sum mentioned therein, and to secure the payment of which the transfer of the property was made.

The referee has found that the indebtedness mentioned in the mortgage actually existed, and was due by the husband to the plaintiff, his wife, and, further, that the mortgage was given for the purpose of securing the payment of this debt, and without any intent to hinder, delay or defraud creditors. This finding and the judgment entered upon the report of the referee has been sustained by the General Term.

As the case stood upon the pleadings it involved simply a question of fact, namely, whether the mortgage was given for the purpose of defrauding creditors, or securing to the plaintiff the payment of an existing debt which her husband was morally, at least, if not legally, bound to pay. The defendant lays much stress upon the statute (2 R. S. 136, § 5), which provides that: " Every sale made by a vendor of any goods and chattels in his possession, or under his control, and every assignment of goods and chattels by way of mortgage or

·security, or upon any condition whatever, unless accompanied by an immediate delivery, and followed by an actual or continued change of possession of the thing sold, mortgaged or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or of the creditors of the person making such assignment, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith and without any intent to defraud creditors."

This statute put upon the plaintiff the burden of showing that the transfer to her by her husband was in good faith, and without any fraudulent intent. She has, however, complied with its requirements, as she has satisfied the referee on these issues. He has not only found that the transfer was in good faith, and without any fraudulent intent, but also that before the defendant levied upon the goods plaintiff took possession of them, and that there was a change of possession. Dealings between husband and wife which result in the appropriation of the husband's property for the payment of a debt claimed to be due to the wife, to the exclusion of other creditors, it must be admitted furnish uncommon opportunities for the perpetration of fraud, and should be carefully and rigidly scrutinized. The wife in this case seems to have fairly proved the indebtedness. True some of it was of long standing, but the husband was not obliged by any duty he owed his other creditors, to interpose the Statute of Limitations as a defense. When the wife by proper and sufficient proof shows that her husband owes her, she is entitled to the same remedies and has the same standing to enforce any security for the payment of the debt that she may have received as any other creditor. The question of fraudulent intent is made by the statute one of fact, and not of law, and after a full investigation of the origin and history of the debt, to secure which the transfer was made, and the circumstances attending the transfer itself, from which a fraudulent intent was sought to be shown by the defendant, the referee has

found the facts for the plaintiff. It is not claimed that any of his findings are unsupported by evidence, and, therefore, this court has no power to review them. Assuming, as we must, that the referee's report expresses the truth in regard to the transaction, the case was correctly decided. The result reached in the court below is in harmony with a recent decision of this court in a case involving facts similar, and like principles of law. (*Stanley* v. *Nat. Union Bank*, 115 N. Y. 122.)

The plaintiff having, after the defendant's levy upon the property, demanded that it be surrendered and delivered to her, and the defendant having refused to so surrender or deliver, became liable for its conversion. As the husband, the mortgagor, had made default in the payment of the mortgage, and it was past due, he had no interest in the goods subject to levy or sale on execution. (*Hull* v. *Carnley*, 11 N. Y. 502; *Hall* v. *Sampson*, 35 id. 274; *Galen* v. *Brown*, 22 id. 37.)

Moreover, upon the findings of the referee, the plaintiff had, before the levy by defendant, taken possession of the property under her mortgage, and the debtor in the execution had, therefore, neither title, possession nor the right of possession, and though the defendant assumed to levy only on such interest as the husband had in the property, yet that fact coupled with his refusal to surrender the goods to the plaintiff, subjected him to liability. Whatever may have been the merits of the defendant's position in this case originally, it depended entirely upon facts which the referee and the General Term have determined against him.

The record before us does not show any error of law that would justify a reversal of the judgment, and it must, therefore, be affirmed.

All concur.

Judgment affirmed.