JAMES E. NICHOLS and Others, Appellants, v. JOHN F. WELLINGS and Others, Respondents.

*Assignments — fraudulent preference in favor of a wife for moneys given by a husband to the wife for household expenses, not so expended, and by her returned to him.*

An assignor, who made an assignment for the benefit of creditors, had been in the habit, for many years prior to the making of the assignment, of giving to his wife for household expenses a certain sum of money weekly. She did not expend all of this sum for that purpose, and from time to time loaned or returned to him the unexpended balances. There was no evidence tending to show that he had made her a gift of such unexpended balances. Subsequently the assignor, in making a general assignment, preferred his wife as a creditor in an amount equal to the sum of such balances.

*Held,* that the preference was fraudulent as to creditors and the assignment void.

Appeal by the plaintiffs, James E. Nichols, Louis Schott, Thomas M. McCarthy, Thomas W. Ormiston, John H. Mohlman and Diedrich Schmidt, from a judgment, entered in the office of the clerk of the city and county of New York on the 10th day of June, 1891, dismissing their complaint upon the merits, with costs, after a trial at the New York Special Term.

The action was brought to set aside an assignment made by the defendant John F. Wellings to one Edward F. Davenport, and a confession of judgment by said defendant to the defendant Jeannette F. White, his wife. The judgments in favor of the plaintiffs, upon which the action was based were respectively recovered on July 23 and 24, 1889.

*Henry D. Hotchkiss,* for the appellants.

*Hugo Hirsh* and *John H. Kemble,* for the respondents.

Daniels, J. :

The plaintiffs are judgment-creditors of John F. Wellings, one of the defendants, and after the return of executions issued upon the judgments and returned unsatisfied, this action was commenced to set aside the general assignment of the judgment-debtor, and also a judgment confessed by him to the defendant Jeannette F. White. The assignment was made on the 25th of June, 1889, and the judgment was confessed on the twelfth of July of the same year. The judgments upon which the executions were issued. were

recovered on the twenty-third and twenty-fourth of July of that year. By the assignment, the wife of the assignor was preferred for the sum of $900. Other preferences were contained in the assignment, for which the judgment was confessed by the judgment-debtor.

The evidence given upon the trial left no ground for dispute as to the important facts, and in support of the allegation that the assignment was made to hinder, delay or defraud the creditors of the assignor, it was proved that while he was in business he delivered to his wife the sum of ten dollars each week to provide for the expenses of the household, and their testimony is that he from time to time borrowed money from her amounting to the estimated sum of $900, for which the preference was given to her. There was no evidence upon the trial that the ten dollars delivered to the wife by the assignor each week was intended to be a gift of the surplus beyond the expenditures necessary for the maintenance of the household; but the utmost which the evidence proves is that this sum of ten dollars each week was delivered by the assignor to his wife to pay the expenses of maintaining the family. His evidence was such as to establish the fact that the money in this manner delivered to the wife remained the property of the assignor, for he entered into no agreement, either express or implied, that she should become the owner of the surplus, if any there should be; and to constitute a gift, the evidence is required to establish the fact that it was intended by the donor that the title to the property alleged to be given shall be intended to vest in the donee. And that fact is required to be made out by evidence reasonably clear and tending to establish it. (*Shuttleworth* v. *Winter*, 55 N. Y., 624-629.) And when it is remembered, as the court held the law to be in *Manchester* v. *Tibbetts* (121 N. Y., 219-222), that dealings between a husband and wife resulting in the appropriation of his property to her are required to be closely scrutinized, the conclusion is inevitable that there was no such agreement proved by this evidence as gave the wife the title to the surplus remaining in her hands from this weekly allowance, but that surplus which formed the fund loaned to him remained as completely the property of the assignor as though he had delivered a larger amount than was necessary to an agent for the payment of a debt, where the surplus would most unquestionably belong to the

debtor. There is also reason for believing that this was considered to be the result of these dealings, for the wife returned to her husband the money which she had on hand as that was requested by him, and, apparently, in no more than one instance did he acknowledge himself to be her debtor on account of the receipt of that money, and then it is stated that a note was made by him to her for the sum of $200, which, however, was not produced upon the trial.

It is not necessary to inquire whether so much of the transaction as was included within the note constituted a valid claim against the assignor, for, if the residue of the preference, amounting to the sum of $700, is unfounded, that of itself is sufficient to annul the assignment. (*Russell* v. *Winne*, 37 N. Y., 591.) And that so much of the preference was unfounded clearly results from this state of the evidence, and the effect of making that preference by the assignment would necessarily be to hinder, delay or defraud the creditors of the assignor; and where such an intention exists, there the law, under the express mandate of the statute, declares the entire instrument to be inoperative and void as against creditors.

The judgment confessed to the defendant, Jeannette F. White, for the benefit of herself, and as the assignee of other preferred creditors, was entered to secure them against the contingency that the assignment itself should not be maintained, and that fact indicates the belief on the part of the preferred creditors that there was danger from some cause that the assignment might be declared invalid; and to the same extent as the preference contained in the assignment was unfounded, this judgment is also attended with the same infirmity, for it has certainly been confessed for too large an amount, so far as it represents the preference given to the wife of the judgment-debtor; and that of itself, without any actual intent to defraud the creditors, would require the judgment to be reduced by deducting so much of its amount as represents the unlawful preference given to the wife of the assignor. And if there were an actual intent to defraud the creditors by the assignment and this confession of judgment, or by the confession of the judgment alone, it would require to be entirely vacated and set aside for that reason. But whether the judgment may be maintained in part, so far as it is dependent upon actual pre existing debts, it is not necessary should be now decided, for it is sufficient to entitle the plaintiff to another

trial of the action, that the assignment itself cannot, under this state of the evidence, be sustained.

The judgment should be reversed and a new trial ordered, with costs to the plaintiffs to abide the event.

VAN BRUNT, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the plaintiffs to abide the event.