### KEEFER *v.* GREENE.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. CHATTEL MORTGAGES—WRONGFUL SALE—TROVER AGAINST PURCHASER—DEMAND.
   A chattel mortgage provided that on default the mortgagee might take possession of and sell the goods, and that, while they remained in possession of the mortgagor, such possession should be that of an agent for the mortgagee. Defendant took the goods under a bill of sale, after default of the mortgagor. *Held*, the mortgagee being entitled to possession, that defendant did not come into possession of the property lawfully, and that no demand was necessary to entitle the mortgagee to sue for conversion of the goods.

2. SAME—REMOVAL OF GOODS—RIGHTS OF MORTGAGEE.
   In such case the mortgagee's title to the goods was not affected by the fact that the mortgagor had moved away from his residence, and had stored the goods on the premises of a third person, and that defendant came into possession of them there; plaintiff being entitled to the goods as much in one place as another.

Appeal from Albany county court. Reversed.

Action by Fred Keefer against Lewis Greene. From a judgment for defendant, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Barlow & Greene,* (*D. Cady Herrick,* of counsel,) for appellant. *William R. Tanner,* for respondent.

LEARNED, P. J. This action was commenced in a justice's court. The plaintiff recovered. An appeal was taken to the county court, where the action was retried. A nonsuit was granted, and the plaintiff appeals. The action was for the alleged wrongful conversion of a number of hives, or skips, of bees, claimed by plaintiff to belong to him, and to the possession of which he claimed to be entitled. Aaron Snyder and wife, in May, 1888, mortgaged to plaintiff 25 hives of bees, claimed to belong to her, to secure him against his guaranty of a note of $200, made by the mortgagor, dated May 19, 1888, payable in six months. The mortgagor did not pay the note; plaintiff did, in May, 1889. In the spring of 1889, Snyder took the hives from the place where they had been stored in the winter, and put them in a lot belonging to Blodgett. Defendant came and took them away, or some of them. Defendant seems to have claimed them under a certain bill of sale executed to him by Rachel Snyder, wife of Aaron, in April, 1887. There was a good deal of evidence in the case on the question whether the bees which defendant took were those sold to him or those mortgaged to plaintiff; and the plaintiff requested to go to the jury on the question of ownership and other questions. The court nonsuited on the ground that, at the time of the taking, the plaintiff was not in possession, and that the property was not in possession of the mortgagors, they having moved away; that defendant took under claim of

title, and that there had been no demand for the property by the plaintiff. The mortgage contains the usual clause that upon default, or if he choose to demand the goods, the mortgagee may take possession and sell the goods, and that, while the goods remain in the possession of the mortgagor, such possession shall be that of an agent of the mortgagee.    The mortgage had become due.    The mortgagee was entitled to possession, and the mortgagor had no leviable interest.    *Leadbetter* v. *Leadbetter*, 125 N. Y. 290, 26 N. E. Rep. 265; *Manchester* v. *Tibbetts*, 121 N. Y. 219, 24 N. E. Rep. 304; *Burdick* v. *McVanner*, 2 Denio, 170.    The defendant took the property, and converted it to his use.    He did not come into possession lawfully.    A demand and refusal are necessary where the defendant has come into the possession of the property lawfully, for in that case he cannot be shown to have converted the property to his own use until he has refused to surrender it.    If the bees were originally the property of Rachel Snyder, then the mortgage and the default gave title to plaintiff.    And he did not lose title because, as is said, the mortgagor had moved away from their house.    The property was his in Blodgett's field as much as it would have been elsewhere.    This is not a case of property lost by the owner and found by some person.    In that case it may be said that the finder comes into possession lawfully.    But the defendant knew that these were Snyder's bees.    He claimed that they were such as had been sold to him.    Whether he was right in that or not should have been decided by the jury.    Judgment reversed, new trial granted, costs to abide event.    All concur.