EDWARD O. BABCOCK, RESPONDENT, v. MILLARD R. JONES AND ANOTHER, APPELLANTS.

*Fraudulent conveyances — when a fraudulent intent vitiates a conveyance made by a debtor to one to whom he is actually indebted — husband and wife — injunction.*

One Jones being indebted to creditors, who were about to recover judgments against him, transferred to his wife, to whom he was also indebted, all his available property, including office furniture and personal jewelry, the value of which was not, however, equal to his indebtedness to her.

In an action brought by a judgment-creditor to set aside such transfer, the court was of opinion that the transfer was made with intent to hinder, delay and defraud the other creditors of Jones.

*Held,* that such an intent was to be deduced from a consideration of the circumstances attending the transfer.

That an injunction was properly granted restraining the defendants in the action, during the pendency thereof, from disposing of the personal property.

That, as to the real estate transferred to the wife, the injunction was unnecessary as the creditor had his remedy by filing a notice of pendency of the action.

*Semble,* that if made with such an intent the transfer was void, although the husband was indebted to the wife in a larger amount than was represented by the property transferred.

APPEAL by the defendants, Millard R. Jones and Clara H. Jones, from so much of an order, entered in the office of the clerk of the city and county of New York on the 25th day of June, 1891, as restrained them from disposing of any of the property described in the complaint in the action.

The action was a judgment-creditor's action, brought to set aside certain transfers of real and personal property made by Millard R. Jones to his wife, Clara H. Jones.

*Jerome Buck,* for the appellants.

*William B. Ellison,* for the respondent.

DANIELS, J.:

Near the time when the judgments were recovered against the defendant, Millard R. Jones, and apparently in the expectation of their early recovery, he conveyed and transferred all his available property to his wife, Clara H. Jones. These conveyances and transfers were alleged, in support of the action, to be fraudulent against the plaintiff as a judgment-creditor, whose executions against prop-

erty upon the judgments had been returned unsatisfied. The facts concerning the disposition of the debtor's property, indirectly and directly, to his wife are disclosed by his examination in supplementary proceedings, and also by his affidavit and the affidavit of his wife used in resisting the motion to continue the injunction; and while they prove the fact to be that he, as the guardian of his wife, had become liable to her for a much larger amount than the value of all the property conveyed and transferred to her, there is still evidence tending to establish the conclusion that the property, in part at least, was conveyed and transferred to her to prevent its appropriation by creditors to the payment of their debts, and that intent, even where there is a corresponding indebtedness intended to be satisfied by the conveyance and transfer of the property, will invalidate, as to creditors, the instruments affected by the intent which may be made and delivered. (*Billings* v. *Russell*, 101 N. Y., 226.)

To discover the existence of this unlawful intent, the transactions between the husband and wife are required to be closely watched and clearly scrutinized. (*Manchester* v. *Tibbetts*, 121 N. Y., 219–222.) And the facts indicating the existence of such an intention in this instance are that the judgment-debtor intended to transfer and convey to his wife all his available property, which, in part, consisted of his personal jewelry, or ornaments, and his office furniture, which furniture never passed into the possession of his wife. These acts, including the transfer of the jewelry and the office furniture, appear, as the case has been now presented, to have been actuated more by the design to avoid their seizure under execution than to satisfy or extinguish the indebtedness which existed in favor of his wife from his use and consumption of her property which had been intrusted to him as her guardian.

It is not necessary that this intent to hinder, delay or defraud creditors shall be proved by direct evidence, but it is sufficient that it may be inferred from circumstances tending to establish the correctness of that conclusion; and these circumstances have an unmistakable tendency in that direction, sufficiently so to require the continuance of the injunction so far as it restrains the disposition of the personal property or its proceeds received in this manner by the debtor's wife.

It is not intended, however, to be held that this evidence will conclusively establish the existence of a fraudulent intention. All that it is necessary now to hold is that, as the facts have been made to appear, they sufficiently indicate that intention to justify the continuance of the injunction restraining the disposition of the personal property.

But as to the real estate brought into controversy in the action, the title to which has become vested in the debtor's wife, the injunction was needless, for there the creditors' rights are amply provided for by the statute in permitting the complaint to be filed, together with a notice of the pendency of the action, containing a description of the property. So far as the injunction relates to the real estate, it should be modified by vacating that part of it, but as to the personal property, including the proceeds of any property which may have been sold or otherwise converted by the defendant Clara H. Jones, the injunction should be continued, and, as so modified, the order should be affirmed, without costs of this appeal to either party.

Van Brunt, P. J., concurred in result.

Ingraham, J.:

I concur in the conclusion arrived at by Mr. Justice Daniels on the ground that, under the circumstances disclosed, an injunction to restrain the defendant, Clara H. Jones, from disposing of the personal property received by her from her husband until the trial of the action, was not an improper exercise of the discretion of the court at Special Term. I do not wish to be understood, however, as holding that, upon the facts presented, the court should grant a judgment which would direct the application of the property in question to the payment of the judgment referred to in the complaint.

Order modified as directed by opinion, and, as modified, affirmed, without costs of this appeal to either party.