HERONAMUS BUCHER, Appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

It is culpable negligence on the part of a railroad corporation not to stop a train entirely at a regular station to which it has sold a ticket, and give a passenger time and opportunity to alight. It is also negligence for its officers to induce a passenger to leave a train while in motion.

It is not negligence *per se* for the passenger to leave the train while in motion; if he is told by the conductor to get off, or given by him to understand that he can do so in safety, and the surrounding circumstances are such as to give him reason to believe he may, he is justified in making the attempt.

In an action, therefore, to recover damages where a passenger is injured in attempting to leave the train while in motion, and evidence is given tending to prove such instructions and circumstances, the question of contributory negligence is one of fact for the jury.

(Argued December 18, 1884; decided January 20, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made July 11, 1882, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting the plaintiff on trial.

This action was brought to recover damages for injuries alleged to have been occasioned by defendant's negligence.

Plaintiff was a passenger on a train on defendant's road and, in attempting to leave the train at the station to which he had bought a ticket, was injured.

The further facts, so far as material to the questions discussed, are stated in the opinion.

*Frank R. Perkins* for appellant. It was culpable negligence on the part of the defendant to induce or permit the plaintiff to leave the train while in motion, and a gross disregard of the duty it owed him not to stop the train entirely, and give him ample time to pass off with his luggage. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 51; *Morrison* v. *Erie Ry. Co.*, 56 id. 305; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 id. 673; *Mulhoda* v. *B. C. R. R. Co.*,

30 id. 372; *Paulin* v. *B. & Seventh Ave. R. R. Co.*, 61 id. 621; *Souter* v. *N. Y. C. & H. R. R. R. Co.*, 66 id. 54; *Tabor* v. *D., L. & W. R. R. Co.*, 71 id. 493.) Concurrent negligence on the part of the plaintiff, which contributed to the injury complained of, does not so clearly appear from the evidence that a verdict of a jury, rendered in favor of the plaintiff thereon, would be set aside as against evidence. (*Kain* v. *Smith*, 89 N. Y. 378; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 466; *Payne* v. *Troy & Boston R. R. Co.*, 83 id. 574.) The standard by which the plaintiff's conduct must be judged is that of an ordinarily careful, prudent man. (*Slater* v. *Utica & B. R. R. R. Co.*, 88 N. Y. 51; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 76; *Newson* v. *N. Y. C. R. R. Co.*, 29 id. 389; *Stemerman* v. *White*, 48 Super. Ct. [J. & S.] 525; *Brassell* v. *N. Y. C. & H. R. R. R. Co.*, 84 N. Y. 246; *Hurlbert* v. *N. Y. C. R. R. Co.*, 40 id. 147; *Barker* v. *N. Y. C. R. R. Co.*, 24 id. 603; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 52; *Chaplin* v. *Hawes*, 14 Eng. C. L. 445; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 673; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id. 288; *Maher* v. *C. P. N. & C. R. R. Co.*, 67 id. 52; *Maher* v. *C. P. R. R. Co.*, 39 Super. Ct. [J. & S.] 156; *Abbey* v. *N. Y. C. & H. R. R. R. Co.*, 20 N. Y. Weekly Dig. 37; *Morrison* v. *Erie Ry. Co.*, 56 N. Y. 307; *Burrows* v. *Erie Ry. Co.*, 63 id. 558.) Upon the evidence in this case, under the rule established by the decisions of this court, it was error to take the case from the jury and nonsuit the plaintiff. (*Walfkill* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 50; *Ernst* v. *H. R. R. R. Co.*, 75 id. 10; *Hoffman* v. *H. R. R. R. Co.*, id. 605; *Scofield* v. *Hernandez*, 47 id. 316; *Bernhard* v. *Rensselaer R. R. Co.*, Abb. Ct. App. Dec. 13; *Kain* v. *Smith*, 89 N. Y. 375; *Stackus* v. *N. Y. C. R. R. Co.*, 79 id. 464; *Hart* v. *H. R. R. R. Co.*, 80 id. 622; *Payne* v. *Troy & Boston R. R. Co.*, 83 id. 572; *Dickens* v. *N. Y. C. R. R. Co.*, 40 id. 26.)

*George C. Green* for respondent. The court properly non-suited the plaintiff. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y.

47–52; *Ginnon* v. *N. Y. & H. R. R. Co.*, 3 Robt. 26; *Morrison* v. *Erie Ry. Co.*, 56 N. Y. 302; 16 Am. and Eng. R. R. Cas. 350; *Burrows* v. *Erie Ry. Co.*, 63 N. Y. 556; *L. S. & M. S. Ry. Co.* v. *Miller*, 25 Mich. 274; *Gavett* v. *M. & L. R. R. Co.*, 16 Gray, 499; *Ward* v. *Central Park R. R. Co.*, 1 J. & S. 392; *Lucas* v. *N. B. & T. R. R. Co.*, 6 Gray, 64; *Mackay* v. *N. Y. C. R. R. Co.*, 27 Barb. 529; Redf. on Railw. 2, 191, 195; *Brooks* v. *B. & N. F. R. R. Co.*, 25 Barb. 600; 27 id. 532; *Willis* v. *L. I. R. R. Co.*, 32 id. 398; *Baulec* v. *N. Y. C. & H. R. R. R. Co.*, 59 N. Y. 366; *Cunningham* v. *Lyness*, 22 Wis. 236; *Potter* v. *C. & N. W. Ry. Co.*, 21 id. 372; *Becht* v. *Corbin*, 92 N. Y. 658; *Solomon* v. *Man. Ry. Co.*, 31 Hun, 5.) It must appear affirmatively that the accident resulted wholly from the negligence of the defendant, and that the negligence or improvidence of the plaintiff did not contribute to bring it about. (*Leman* v. *City of Brooklyn*, 29 Barb. 234; *Welling* v. *Judge*, 40 Barb. 209; *Bulton* v. *H. R. R. R. Co.*, 18 N. Y. 248; *Cordell* v. *N. Y. C. R. R. Co.*, 75 id. 330; *Hart* v. *Hud. Riv. Bridge Co.*, 84 id. 56.)

MILLER, J. Upon the close of plaintiff's testimony on the trial of this action, the defendant's counsel moved for a nonsuit upon two grounds : *First*, that the evidence showed no negligence on the part of the defendant. *Second*, that the evidence showed negligence on the part of the plaintiff which contributed to the injury. The plaintiff's counsel asked to go to the jury upon these questions; this request was refused and the motion for a nonsuit granted, and an exception taken to the ruling by the plaintiff's counsel.

As the evidence stands there can be, we think, no serious question in regard to the defendant's negligence. It appears that the train did not stop at the station for which the plaintiff had purchased a ticket, and at which he had a right to get off. It was the custom to stop there, but, for some unexplained reason, when it arrived, instead of stopping as it should have done, the train merely slowed up and thus did not furnish

the plaintiff an opportunity to leave the cars in accordance with defendant's contract with him. This was clearly negligence, but there is also evidence to show, as will hereafter be manifest, that the conductor used language to the plaintiff which authorized the conclusion that he had a right to get off the train and that he could do so under the conductor's direction. The rule is well established that it is culpable negligence on the part of a railroad corporation for its officers to induce a passenger to leave the train while in motion, and a gross disregard of the duty it owes him not to stop the train entirely and give the passenger ample time and opportunity to alight. (*Filer v. N. Y. C. R. R. Co.*, 49 N. Y. 51.)

It may be added that there was also evidence which tended to show that a signal was given by the conductor to put the train in motion while the plaintiff was getting off and without warning to him. If this was established it tended to show negligence on the part of the defendant. (*Keating v. N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 673.) As the testimony stood it was for the jury to determine whether there was any proof of negligence on the part of the defendant, and the court should have submitted the case to their consideration on that question, unless it distinctly appeared that the plaintiff was chargeable with negligence contributing to the injury.

As to the plaintiff's negligence, that also was a question for the jury to decide. It appears that the plaintiff had purchased a ticket from Buffalo to Getzville where the train was accustomed to stop. As the train approached this station, where the plaintiff intended to and had a right to leave the cars, the speed was reduced until the train came nearly to a stop. The plaintiff prepared to leave and, with a little child in his arms, proceeded to the car platform for that purpose. According to his testimony the conductor, who was standing on the platform of the station, called to him and said, " you want to clear off here," and he answered he wanted to get off, and the conductor told him to step off, or get off, or jump off, he didn't know which. The train was then in motion and he got off on the right side of the car, taking hold

of the rail on the right side of the car platform with his left hand; he then stepped off with his right foot first and was twisted around; he thought the train had stopped the same minute he stepped off, but was mistaken as he felt it was going and he was jerked around; the conductor took hold of him and they tumbled off the platform of the station together. On his cross-examination, after testifying in substance, in reference to what passed between him and the conductor, the same as on his direct examination, the question was put to him, "was not all he said, do you want to get off?" and he answered. "He asked me, do you want to get off; I said yes. He asked me twice, do you want to get off." His testimony varies on his cross-examination as to the train stopping when he got off. He testified he did not know the train was going when he got off, or he thought it had stopped, and then he swore that when he was in the act of getting off he saw it had not stopped, thus contradicting his former evidence.

Wolkert, a witness for the plaintiff, testified that he saw the plaintiff get off the train; that he saw the conductor, before the plaintiff got out of the car, motioning the fireman in the cab to go ahead; that the conductor saw the plaintiff and told him to get off. He also swore that the plaintiff went backwards about a rod along the platform holding on to the railing and that he was torn away by the conductor. He afterward stated on cross-examination that the conductor asked the plaintiff if he wanted to get off.

From the statement we have given of the testimony there was certainly some evidence to show that previous to the conversation between the plaintiff and the conductor, the latter, had given notice for the train to proceed, and that he had either told the plaintiff to get off, or given him to understand, from what he said, that he could get off, and under the circumstances it was for the jury to say, whether any such directions were given by the conductor as authorized the plaintiff to get off the cars at that time, or made him chargeable with contributory negligence for so doing. The plaintiff was called upon to act on a sudden emergency, and under such circum-

stances should not be held to the most rigid accountability for his action. (*Salter* v. *Utica and Black River R. R. Co.*, 88 N. Y. 49 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 52.) If the plaintiff had reason to believe, from what passed between him and the conductor, and from the surrounding circumstances, that it was safe and prudent for him to leave as he did, then he was justified within the authorities last cited. Whether the facts warranted this conclusion was a fair question which should have been submitted to the jury.

The defendant's counsel claims that the conduct of the plaintiff when he left the car, in taking hold of the railing at his right side with his left hand, thus bringing his back in the direction in which the train was moving, and retaining his hold and walking backwards about a rod until the conductor pulled him away, was negligence and the cause of and contributed to the injury. While these facts were a proper subject for consideration in determining the question as to plaintiff's negligence, they are by no means conclusive. Plaintiff had a right to leave the cars at that place and in attempting to do so was evidently embarrassed by the train going on instead of stopping. If he supposed it had stopped, and had reason to do so as he testified on his direct examination, then there was nothing in the manner of his undertaking to get off which indicated carelessness on his part. If he was notified, as is claimed, to get off, then he had a right to assume that it was safe to do so, and he was not negligent in acting as he did. The question as to his contributory negligence in this respect was, therefore, not a question of law, but one of fact. Whether the plaintiff was asked by the conductor if he wished to get off, or whether the conductor told him to get off, is not very important, as either remark, under the circumstances, might be regarded as a notification to him to leave the cars. As this was a regular stopping place for the train, and as the plaintiff had a right to suppose the cars were going to stop, any intimation to him to that effect might, perhaps, in view of the facts, be regarded as sufficient to justify him in doing as he did.

We think it is clear that the case should have been submit-

ted to the jury, and that the court erred in granting the non-suit.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.