## MARTIN RHING, Respondent, v. THE BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, Appellant.

*Action for negligence — when the master is not liable for an error of judgment of the servant in extricating an injured person from a perilous situation.*

In an action, brought to recover damages claimed to have been sustained by the plaintiff by reason of the negligence of the defendant, it was alleged in the complaint that while the plaintiff was crossing Broadway at Twenty-sixth street, in the city of New York, a passenger car belonging to the defendant, with a team of horses, was so carelessly driven and managed by the driver thereof that, by reason of the negligence of the driver, and without any negligence on the part of the plaintiff, he was run into, thrown down, trampled upon by the horses and crushed and bruised by the said car, and in consequence was severely injured about his body and cut on the head and stunned.

It appeared upon the trial that at the time the car was stopped, after the plaintiff had been knocked down, that he was under the front platform of the car, and that the car was pushed back to extricate him without unhitching the horses, and in consequence of this alleged negligence on the part of the driver the horses trampled on the plaintiff as he reappeared from under the platform.

The judge, in submitting the case to the jury, charged, among other things, that though the agents or servants had not been careless in the management of their car prior to the happening of the accident, and although they might not have been responsible therefor, yet if, after the plaintiff was knocked down, and after the horses had passed over him and he had got under the platform of the car, and was in this perilous position, his injuries were increased by the failure of the driver to unhitch his horses at the time the car was pushed back in order to extricate the plaintiff, that the plaintiff was entitled to recover.

*Held*, that he erred in so charging.

That as this charge assumed that, for the happening of the original accident, the plaintiff had no right to recover, either because of his own contributory negligence or because the defendant had not been guilty of negligence in causing the accident, that the right of recovery for the subsequent injuries must rest upon the fact that the driver of the car had been guilty of an error of judgment as to the best means to use to extricate the plaintiff from the position in which he had placed himself by reason of his own negligence, which afforded no basis for the recovery of damages.

That the right of action under such circumstances could arise only where the injury was inflicted or increased because of the doing or omission to do some act or acts the doing of which, or the omission to do which, was something other than the result of an error in judgment as to the means to be used in extricating the plaintiff.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict rendered at the New York Circuit, which judgment was entered in the office of the clerk of the county of New York on the 10th day of November, 1888; and also from an order dated November 8, 1888, and entered in the said clerk's office on the 19th day of November, 1888, denying the defendant's motion made upon the minutes of the justice presiding at the trial to set aside the verdict and for a new trial.

*Samuel B. Clark,* for the appellant.

*John Frankenheimer,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages claimed to have been sustained by reason of the negligence of the defendant, the allegation in the complaint being that while the plaintiff was crossing Broadway, at Twenty-sixth street, a passenger car belonging to the defendant, with a team of horses, was so carelessly driven and managed by the driver thereof that, by reason of the negligence of the driver, and without any negligence on the part of the plaintiff, he was run into, thrown down, trampled upon by the horses and crushed and bruised by said car, and in consequence was severely injured about his body and cut on the head and stunned.

The answer of the defendant denied these allegations, and evidence was offered tending to prove the allegations of the complaint; and it also appeared that at the time the car was stopped, after the plaintiff had been knocked down, that he was under the front platform of the car with his head under the front wheel, and that the car was pushed back to extricate the plaintiff without unhitching the horses, and in consequence of this alleged negligence on the part of the driver the horses trampled on the plaintiff as he reappeared from under the platform.

The learned court, submitting the case to the jury, charged, amongst other things, that though the agents or servants had not been careless in the management of their car prior to the happening of the accident, and although they may not have been responsible therefor, yet if, after the plaintiff was knocked down and after the horses had passed over him and he had got under the platform of

the car and was in this perilous condition, his injuries were increased by the failure of the driver to unhitch his horses at the time the car was pushed back in order to extricate the plaintiff, he was entitled to recover. This instruction may have been error, because no such cause of action was set up in the complaint, and because no liability would be incurred by the defendant because of the failure of their driver to use the best means to extricate the plaintiff, it being without fault as to his getting under the car, and if there is any exception or ruling which raises the point, it is necessarily fatal to the judgment.

The court, in answer to a request of the defendant to charge, reiterated the charge that if the plaintiff was in a perilous condition, and by the failure to use ordinary care and prudence he suffered injury, the defendant would be liable, assuming the plaintiff himself not to have in any way contributed to it. To this charge an exception was duly taken. It seems to us, therefore, that the question was raised and that it was the intention to have the jury understand that although the plaintiff might not be entitled to recover because of his own negligence for the original happening of the accident, yet still the servants of the defendant having, in the extrication of the plaintiff from his perilous position, failed to use the best method for extricating the plaintiff, and he having suffered additional injuries he might recover. This proposition is erroneous if no such cause of action is set up in the complaint, or if there is no such rule of law. In this proposition, in view of the facts of this case, it seems to be assumed that for the happening of the original accident the plaintiff had no right to recover, either because of his own contributory negligence or because the defendant had not been guilty of negligence in causing the accident.

In this condition of the proof, the right of recovery for subsequent injuries incurred by reason of the fact that the driver of the car made an error of judgment as to the best means to be used to extricate the plaintiff from the position in which he had placed himself, by reason of his own negligence, does not exist. A right of action, under such circumstances, can arise only where the injury was inflicted or increased because of the doing or the omission to do some act or acts the doing of which or the omission to do which was other than the result of an error of judgment as to the means to be

used in extricating the plaintiff. Any other rule would, where there were various steps in the happening of an accident culminating in the injuries suffered, authorize a division of liability as to those various steps which contributed to the happening of the whole accident. The plaintiff would not be able to recover for some of these steps by reason of his contributory negligence. But if at any stage of the happening of the accident he was free from contributory negligence, the liability of the defendant would begin, notwithstanding the fact that it had been guilty of no negligence whatever in the initiation of the events which produced the injury. It is clear that this proposition cannot be maintained, because if the plaintiff was guilty of contributory negligence at all, the effects of such negligence permeate the whole transaction. We think, therefore, that the jury were allowed to take into consideration improper facts upon which they may have based their judgment, and have deemed themselves authorized, simply because of the error of judgment of the defendant's driver, in extricating the plaintiff, to give the plaintiff compensation for all the injuries which he had sustained, even for those which were initiated by his own negligence.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

CULLEN, J., concurred.

Judgment reversed, and new trial ordered, with cost to the appellant to abide the event.