Beckwith, Ch. J.
—The complaint is that “ the plaintiff, at the special instance and request of the defendant, performed a large amount of labor for the defendant as a plumber and gas fitter; and also at the request of the defendant the plaintiff furnished a large quantity of plumbers’ materials, which he used in said work for the defendant, and that the defendant contracted and agreed to pay the plaintiff for such labor and material the sum of seven hundred and forty dollars and fifty-five cents; and that said labor, together with materials so furnished to the defendant by the plaintiff, were reasonably worth the sum of seven hundred and forty dollars and fifly-five cents."
The defendant, in his answer, while admitting the employment of the plaintiff as a plumber, as set forth in the complaint, set up as a counterclaim a breach of his agreement by the plaintiff, in not doing his work in a workmanlike manner and not completing his undertaking in every particular, and in not furnishing good and suitable material, according to his agreement, to the defendant’s damage of $200.
There was no general or specific denial of the allegation of the complaint, and accordingly no denial of the plaintiff’s allegation *444 that the work and material “were reasonably worth $740.55.” On the trial, because, as it would seem, the allegation of value was not denied^ proof in support of the defendant’s said counterclaim was excluded, but after verdict on motion made upon the minutes, the court granted an order for a new trial and from that order this appeal is taken.
If the complaint quoted could be regarded as simply setting forth a quantum meruit, the allegation that the work done for the defendant was worth a specified sum of money, might require a denial, but the complaint alleges that for the work and material the defendant contracted and agreed to pay the plaintiff $750.55.
Although a complaint in the form of indebitatus assumpsit has been sustained yet under the system of pleading established by the Code a party is required to state the facts constituting his causé of action. The defendant therefore had a right to treat the complaint as stating facts, and not implications of law, when it stated that he had contracted to pay for the work $740.55. If that price had been agreed upon as a fact as, in that view, the complaint alleged, it was immaterial what the work was really worth, and an allegation of value was an immaterial allegation which did not require' denial. The defendant by his answers shows that he understood the plaintiff to allege a contract for the work and an agreement as to the price, and I think he had a right to so read the complaint. After a party has acted upon a certain construction of an ambiguous pleading, which construction it bears as well as the opposite meaning, the party framing the pleading ought not to have advantage of a construction which would defeat the opposite party. Clark v. Dillon, 97 N. Y., 370.
At common law where the plaintiff declared that the defendant promised to pay him for his services a certain sum as an indebtedness, and also that the defendant promised to pay him so much as he reasonably deserved, the declaration was held bad, as the two promises to pay a sum certain and to pay quantum meruit were inconsistent and could not stand together. Hart v. Longfield, 7 Mod., 148.
The allegation of value could not bs material except by treating the allegation that defendant agreed to pay the plaintiff a certain sum as an allegation of the promise implied by law to pay what work already performed upon request. was reasonably worth. But, as already remarked, the Code requires that facts only shall be stated; the defendant regarded the complaint as stating that the work was contracted for at a specific price and the complaint fairly bears that construction; and the defendant answered in the way of recoupment that he ought not to pay the full price because the plaintiff did not fully perform his contract. It follows that the allegation of value was an immaterial allegation.
The order should be affirmed.
Hatch, J., concurs; Titus, J., not sitting.