CHARLES V. WHITTEN et al., Appellants, *v.* JOHN C. FITZ-
WATER, Respondent.

Where a trial court makes an erroneous charge, a correction, to cure the
error, must be clear and not left to be argued out of another proposition
dealing with a different question.

G., who was insolvent, ordered certain goods of plaintiffs on the 7th of
March, 1884, which were received and accepted by him on the sixteenth;
on the twenty-second of that month G. failed and made an assign-
ment. Upon the trial of an action to recover possession of the goods,
which plaintiff claimed were purchased by G., with knowledge of his
insolvency and with the preconceived design not to pay therefor, the
court in its charge treated the order as the purchase and charged that
the question was the intent of G. at that time. Plaintiff's counsel
requested a charge that notwithstanding what G. may have thought
when he made the purchase, if when he received the goods he knew or
had reasonable cause to know, he could not go on in business, he is
equally chargeable with an intent not to pay. This the court refused
to charge, saying "the intent must be at the time the contract was
made." *Held*, error.

(Argued October 27, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department entered upon an order
made October 23, 1890, which affirmed a judgment in favor
of defendant entered upon a verdict and affirmed an order
denying a motion for a new trial.

This action was brought to recover certain goods claimed to
have been purchased by David C. Gray, defendant's assignor,
of plaintiffs, with intent not to pay for the same.

The following is the opinion in full:

"The question of fact in this case was one of fraudulent
intent. The property in controversy was bought by Gray of
the plaintiffs on March 7, 1887, by giving an order therefor
to their agent on that day. The goods were shipped March
tenth and received and accepted by Gray March sixteenth, who
failed and made a general assignment to the defendant on the
twenty-second of the same month. The inquiry involved was
whether the purchase was made with an intent not to pay for
the goods, and it was submitted to the jury in the body of the
charge in this language: ' Whether upon the 7th day of March,

1887, at the time the agent made the sale, did Gray purchase those goods intending not to pay for them.' The intent of the assignor on March seventh was the question submitted and the giving of the order was treated as the 'purchase' by Gray, the purpose and design of which was to be ascertained. With that preliminary statement of the question the learned trial judge added : ' If, when he purchased the goods, I care not what his financial condition may have been, if he believed that he could do as he had been doing in the past, get somebody to discount and carry his notes, and that he could pay for these goods, I say, if he honestly purchased them, believing at that time that he could continue his business in the future as he had in the past, although he was insolvent, and I think it is hardly disputed but that he was insolvent from the time he commenced business, then the plaintiffs cannot recover in this action. On the other hand, if when he purchased the goods he knew that he was about to make an assignment, and that from the condition of things he could not pay for them, then the plaintiffs are entitled to a verdict. It is for you to say, upon all the facts of the case, what his intention was at that time.' This language of the charge clearly fixed the date of the purchase and the time at which the intent was to be determined as the seventh of March when the order for the goods was given, and the jury could not easily have understood it otherwise.

" But all ground for misunderstanding was removed when the plaintiffs' counsel called the attention of the court to the precise question of time and requested a charge ' that if at the time Gray received the goods, notwithstanding what he might have thought when he made the contract, he knew, or had reasonable cause to know, that he could not go on in business, that he is equally chargeable with an intent not to pay.' This request was refused, the court saying : ' The intent must be at the time the contract was made.' To this there was an exception. It is conceded that this was error, and upon a point vital to the controversy ; but the answer made to it is that it was afterward cured by a substantial withdrawal ; the majority of the General Term founding their conclusion upon the disposition made of later requests. In answer to one of

them the court said : ' If he knew he was insolvent and had reason to believe he could not pay for them, the proposition is correct.' The plaintiffs' counsel then asked the court to charge ' the same proposition as a proposition of law relating to the time when he received as well as to the time he purchased.' This request was declined and the plaintiffs excepted. Here again the attitude of the court is consistently maintained and the question of intent confined to the date of the order.

"We now come to the two requests upon which the majority of the General Term rely. The first was this : 'that it is not enough for Gray to say, or not enough for the jury to say, that it was perhaps uncertain what day he would be obliged to stop payment; that if he was insolvent he might stop any day ; he cannot be permitted to say he intended to pay for a large bill of goods ordered by him on the eighth of March, and received six days before the assignment.' The court answered, ' That is a question for the jury.' The point embodied in the request was what constituted sufficient evidence of the intent, and not at all as of what date the intent was to be found. The plaintiff's theory was that the fact of insolvency followed by the assignment shut out the inference that the failure was uncertain at the date of the purchase, and no attempt was made, or understood to be made, to change the ruling as to time. The next request was this : ' that in the absence of proof of unforeseen circumstances arising to change his condition between the purchase and receipt of the goods and the failure, Gray will be presumed to have known that he must fail and to have contemplated an assignment when he received the goods six days before;' to which the court answered, 'that is a question for the jury.' It is obvious that the request was aimed at the proper presumption of law to be drawn in a case where the court thought it could only be a presumption of fact. The failure and assignment on the twenty-second of March, indicated Gray's knowledge that he must fail and make an assignment on that date, and the proposition was that if the situation and circumstances were just the same six days earlier he must be presumed then to have known that he could not pay. The court could not say that what he then knew and thought was totally

immaterial, because it might prove to be an important fact bearing upon his intent at the date of the order, for if an unchanged situation transferred the intent back to the receipt of the goods, it would equally transfer it back to the date of the original contract: but the court could and did say that the inference was one of fact and not of law. We can see in this ruling no purpose to change the position previously assumed, and it is at all events quite certain that the jury were not freed from the distinct and definite impression made upon them at the earlier period. If the error was to be corrected at all, it should have been done frankly and clearly and not left to be argued out of another proposition dealing with a different question. The jury were justified in the assumption that no change in the ruling three times made was either intended or effected.

"For this error the judgment should be reversed and a new trial granted, costs to abide the event."

*Charles E. Ide* for appellant.

*Calvin J. Huson* for respondent.

FINCH, J., reads for reversal.
All concur.
Judgment reversed.