## SCHIMPF *v.* SLITER.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

1. BICYCLES—COLLISION WITH VEHICLES—LAW OF ROAD.
   Plaintiff, while riding on a bicycle at the rate of three miles an hour, and keeping on the right of the road, collided with defendant, driving a buggy at a rate exceeding six miles an hour, and was injured. *Held,* that plaintiff was not guilty of contributory negligence in failing to avoid the collision by turning to the left, he having a right to assume that defendant would obey the law, and turn to the right, (plaintiff's left.)

2. SAME—WANT OF JUDGMENT.

　　Even if plaintiff was mistaken in not turning to the left, and if by so doing he could have avoided injury, having been called on to act suddenly in a dangerous position, his mistake could not be deemed negligence.

3. ACTION FOR PERSONAL INJURIES—DAMAGES—EVIDENCE.

　　The court erred in allowing plaintiff to show what he paid out for doctor's bills, medicine, and for repairs to his bicycle, without showing the value of such items.

　　Appeal from judgment on report of referee.

　　Action by Alfred Schimpf against Alonzo Sliter to recover damages for personal injuries. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

　　Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

　　*Galen R. Hitt*, for appellant. *Eaton & Kirchway*, (*Harold L. Hooker*, of counsel,) for respondent.

　　PUTNAM, J. The referee found that on the 2d day of May, 1888, plaintiff, riding on his bicycle on the driveway in Washington park, in the city of Albany, and going at the rate of three miles an hour, met defendant, driving a buggy, going at a rate exceeding six miles an hour, in the opposite direction. Plaintiff was on the right side of said road, near to its western margin, when defendant came up on the same side, and ran into him, causing the injury for which this action was brought. The referee found that the defendant was negligent and plaintiff free from contributory negligence. There was no serious controversy in the case as to plaintiff being on the proper side of the road and defendant being on the wrong side, and hence as to the negligence of the latter. But it is insisted that the plaintiff, going at the rate of three miles per hour on his bicycle, and seeing that defendant was about to run into him, could easily have turned to the left, and avoided the collision, but, on the contrary, he voluntarily ran his bicycle into defendant's wagon, and thus caused the injury. The rule in this class of cases is well settled that the plaintiff must show that the injury was not caused by his own negligence. If a want of care on his own part contributed to produce the injury, although the plaintiff was on the right side of the road and the defendant on the wrong side, plaintiff cannot recover. *Kennard* v. *Burton*, 25 Me. 47–49; *Lane* v. *Crombie*, 12 Pick. 177; *Parker* v. *Adams*, 12 Metc. (Mass.) 419, 420; *Hartfield* v. *Roper*, 21 Wend. 615. Therefore, although plaintiff was on his own side of the road, he must also show that he endeavored to avoid a collision with defendant's vehicle. The question then arises whether the evidence justified the finding of the referee that plaintiff was not guilty of contributory negligence. I have given that evidence a careful examination, and am of opinion that it does. The plaintiff was going on his own side of the street when he met the defendant, driving somewhat rapidly. Schimpf could not be expected to know or believe that Sliter, when he reached him, would not turn out. The latter would only be compelled to turn out for a bicycle a short distance,—a foot or two,—and could do so in a moment. Therefore plaintiff was justified in supposing that defendant would obey the law, and turn out, until the last moment. Hence no negligence could be imputed to plaintiff in not himself going to the left until the defendant was right upon him, because until that time he could have no reason to believe that the latter would not give way to him. Then, if Schimpf turned to the left, he ran the risk of Sliter's turning at the same time, and causing a collision. Had plaintiff, when the horse and bicycle were near each other, turned to the left, and the defendant at the same time turned to the right, and a collision occurred, the former would have been legally liable for all damages. I think the referee could properly find, under the circumstances, that plaintiff acted with good judgment, and not negligently. He could not know defendant's intent, or what the latter would do. If the plaintiff violated the law by turning to the left he was liable to cause

damage to defendant's vehicle, for which he would have been legally responsible. He was not bound to put himself in that position. I think, therefore, from the facts appearing in the case, the referee could find that Schimpf was not negligent in assuming until the last moment that Sliter would give way to him; and at the last moment it was not negligence on his part to not run the risk of turning to the left when to do so would have subjected him to risk of collision if Sliter should turn the same way. But, even if plaintiff did not act with good judgment in the matter, the finding of the referee can be sustained. It is well settled that when a party, by negligence of another, is placed in a position of danger, and is compelled to act suddenly, the law does not demand that accuracy of judgment which would be called for under other circumstances; and in such a case, even if he makes a mistake, he will not be deemed negligent. See *Dyer* v. *Railroad Co.*, 71 N. Y. 228; *Bucher* v. *Railroad Co.*, 98 N, Y. 132, 133;. *Salter* v. *Railroad Co.*, 88 N. Y. 49; *Twomley* v. *Railroad Co.*, 69 N. Y. 158. Hence, if plaintiff found at the last moment that defendant did not turn to his right, and he did make a mistake in not turning to his (defendant's) left, yet, being called on to act suddenly, his mistake, under the circumstances, was not negligent. *Chaplin* v. *Hawes*, 3 Car. & P. 554, illustrates this view of the case. That was an action for an injury to a horse plaintiff's servant was riding by defendant's cart. Defendant's cart was on plaintiff's side (the wrong side) of the road. The plaintiff's servant was riding through the gate when the injury happened. He testified that when three or four yards from the gate he saw the cart coming, and could have pulled up, but did not, thinking that the driver would wait, as it was a gate through which the cart had no right to pass. The defendant claimed that, if plaintiff's man pertinaciously insisted on his right of going through the gate when he might have avoided the injury either by waiting or turning aside, the plaintiff could not recover. The court held that, if plaintiff's servant had such clear space that he might easily have got away, he would have been so much to blame as to prevent the plaintiff from recovering. But on the sudden a man may not be sufficiently self-possessed to know what way to decide, and in such a case the wrongdoer is the party answerable for the mischief, though it might have been prevented by the other party's acting differently. This case, however, is much more favorable for the plaintiff than that of *Chaplin* v. *Hawes*. There plaintiff's servant could have turned away with safety. Here Schimpf, when he was near enough to Sliter to make it apparent that the latter would not give way, could not have turned to the left without the greater risk of a collision for which Schimpf would be legally responsible. Hence the finding of the referee that no negligence appeared on the part of the plaintiff was correct.

I think, however, without discussing the matter at length, that under the ruling of the court of appeals in *Gumb* v. *Railway Co.*, 114 N. Y. 411, 21 N. E. Rep. 993, the referee erred in allowing proof of sums paid by plaintiff to his physician, for medicine, for repairing his bicycle, etc. In the case above cited the court held it error for the plaintiff to testify as to what he had paid for repairing his wagon, and the amount of his physician's bill, without showing the value of such items. For this error of the referee a new trial will be necessary, unless the plaintiff stipulates to deduct the amount of the items so proved, which is $59.15. The judgment should be reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulates to deduct from the damages recovered in the action $59.15. If he so stipulate, the judgment should be affirmed, without costs to either party.

MAYHAM, P. J., concurs.    HERRICK, J., not voting.