(7 Misc. Rep. 482.)

### CARROLL v. TUCKER et al.

(Common Pleas of New York City and County, General Term. March 6, 1894.)

TRIAL—INSTRUCTIONS—EVIDENCE ON SECOND TRIAL.

    On the second trial of an action, where plaintiff's right to recover de-
pends entirely on testimony which was not given on the first trial, it is
error to refuse defendant's request to charge that such testimony is "the
only evidence in this case upon which they can find a verdict against
defendants." 26 N. Y. Supp. 86, reversed.

Appeal from city court, general term.

Action by David H. Carroll against Arthur Tucker and others
for broker's commissions on the sale of real estate. From a judg-
ment of the city court (26 N. Y. Supp. 86) affirming a judgment in
favor of plaintiff, defendants appeal. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

C. P. & W. W. Buckley (John Brooks Leavitt, of counsel), for ap-
pellants.

L. L. Settel, for respondent.

PER CURIAM. We are of the opinion that the exception to the
refusal of the trial judge to charge the request of defendants was
well taken. Upon the second trial of the case evidence was given
of admissions by the defendant Clarence Tucker, and that was the
only substantial difference in the evidence on the two trials. This
court has held, and it is the law of the case, that the evidence as
it stood on the first trial was insufficient to establish the agency
of Thompson in the employment of Carroll. Upon the second trial
evidence was given of an admission of the defendant Clarence
Tucker that Thompson had authority to employ another broker,
and upon that, and that alone, the plaintiff was entitled to go to
the jury. If such evidence had not been given, it would have been

the duty of the trial court to dismiss the complaint. It was, there-
fore, of the utmost value to the defendants to have the jury clearly
instructed that upon that evidence alone depended the right of the
plaintiff to recover. In the course of a trial involving many ques-
tions of fact and a great deal of evidence, it is impossible for the
trial judge to recall, at the request of counsel, that certain evi-
dence was or was not given, or was all the evidence in the case.
But upon a second trial, where the right to recover depends upon
certain new testimony, and that alone, counsel is entitled to an
instruction accordingly. When the court was requested by defend-
ant to charge the jury "that the only evidence in this case upon
which they can find a verdict against the defendants is the alleged
admission by Clarence C. Tucker to Mr. Settel that Thompson had
authority to employ another broker," the court said, "I do charge
the jury that, if that is all the evidence, the jury cannot infer
any other." Now, that left it to the jury to a certain extent to in-
fer that there was other evidence of authority in this case, whereas
there was not; and when the request was repeated: "Mr. Settel:
Mr. Holbridge had testified that Mr. Clarence Tucker said that Mr.
Thompson had full authority to employ a broker, and that evidence
was before the jury. The Court: That is the same admission.
The defendants did not ask the court to charge the jury, 'unless
they believed the evidence of the plaintiff's attorney, they could
not find,' but 'unless they believed the admission was made.'" Two
witnesses testified to it, but it was the same admission. Then the
defendants' counsel, not being satisfied, asked that the jury be
charged "that, if Clarence Tucker did not say to Mr. Settel that
Thompson had authority to employ another broker, then their ver-
dict must be for defendants." The court said, "If there is no
other evidence in the case except that," thus leaving it to the jury
to decide whether there was evidence or not; and when the request
was repeated it was refused. That refusal was excepted to. It cer-
tainly injured the defendants, for it left to the jury the case upon
the facts without an instruction as to the only point upon which
defendants relied, and that was the difference in the testimony be-
tween the first and the second trials as to the alleged admission.
It will not do to say that the court had substantially charged as
requested, taking all the charge together, for here was a positive
refusal to charge, which was not cured by any other instruction.
We shall therefore have to reverse the judgment, and order a new
trial, costs to the appellant to abide the event of the action.