(9 Misc. Rep. 359.)

### KRULDER v. WOOLVERTON.

(Superior Court of New York City, General Term. July 2, 1894.)

APPEAL—ERRONEOUS INSTRUCTIONS.

> An erroneous instruction is ground for reversal, though the jury were properly instructed on the question in other parts of the charge, unless it appears that they were not misled by the error.

Appeal from jury term.

Action by Mary G. Krulder, as administratrix of Cornelius Krulder, deceased, against William H. Woolverton, as president of the New York Transfer Company. From a judgment entered on a verdict in favor of plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Lockwood & Hill (John L. Hill, of counsel), for appellant.
Edgar Whitlock, for respondent.

GILDERSLEEVE, J. The plaintiff brought this action to recover the statutory amount for injuries resulting in the death of

her husband, Cornelius Krulder, by reason of the alleged negligent act of defendant's servant. The trial resulted in a verdict for the plaintiff. The accident happened under the following circumstances: Krulder, by direction of one James B. Carpenter, his employer, went to the ferry house, at the foot of Liberty street, in this city, to put shades under the skylights there. Whilst at work on the top of a stepladder, 16 feet high, putting a shade in the skylight over the team gangway, the base of the ladder was hit by a piece of scenery on a hand truck, drawn by one Reilly, defendant's servant, and Krulder was precipitated to the floor, and died the following day from his injuries. Krulder was warned by the ferry master that, in undertaking to put up the shades without help, he was endangering his own life and that of the passengers.

There were two important questions to be determined by the jury, viz.: (1) Had the plaintiff met the burden which the law imposed upon her of satisfying the jury, by a fair preponderance of creditable testimony, that the deceased did not contribute to the accident by his own negligence? And (2) had the plaintiff shown that the accident was due to the negligence of defendant's servant? If it was a dangerous act, under the circumstances, for Krulder to mount the stepladder in such a place, for the purpose of doing the work, and such act contributed to the accident, the plaintiff's claim was thereby defeated.

The principal assignment of error by the learned counsel for appellant arises on an exception to a portion of the charge of the learned trial judge on this branch of the case. It is the only question in the case that calls for discussion; and, aside from it, the judgment stands practically unchallenged. The negligence of the deceased was a vital question in the case. It was the province of the jury to determine from the facts whether the act of Krulder was negligent or not. The exact language of the trial judge to which exception is taken, and which it is claimed, constitutes an error calling for a reversal, is as follows:

"But if, as a sober-minded man, he thought there was no danger, it would not be negligence."

In this connection, and before using the language in question, the learned trial judge said to the jury:

"Krulder was not bound by what Wertz [the ferry master] said. It was information from an intelligent man. But Krulder could judge for himself. Krulder could say,—that is, he had a right to say: 'Well, there is no danger from wagons way off here, and there is no danger from anything else that I can see, if they use proper diligence; and, if any one comes along here and runs into me, they must do it purposely.' And he could take that, using his sense, and look at that, in connection with all the facts of the case; and if what he saw and what he heard was calculated to produce upon the mind of a man of ordinary intelligence, such as Krulder is supposed to have been, the belief that it was dangerous, then there was negligence on his part."

Then follows the language to which exception was taken.

The instruction that is the subject of the exception, when taken by itself, and not considered in connection with other portions of the charge,—by which the jury were correctly instructed upon this

branch of the case, to wit, the alleged contributory negligence of the deceased,—left the whole case to depend upon the judgment of the deceased. If the jury determined that Krulder was a sober-minded man, the case turned upon what Krulder thought about the situation in respect to danger. The instruction was equivalent to saying to the jury that, if they believed that Krulder thought there was no danger, then there was no negligence. It laid down an erroneous rule for the guidance of the jury. When considered in connection with the sentence above quoted, used by the learned trial judge, to wit, "But Krulder could judge for himself," it must be said that it is not only possible, but highly probable, that the defendant was injured by this error, or at least prejudiced to some extent. While, as we have said, there are portions of the charge containing correct instructions to the jury on this point, still it cannot be said that the jury were not misled by the language of the trial judge to which exception is taken, making the case depend upon what the deceased thought of the act in which he was engaged.

In Greene v. White, 37 N. Y. 405, this rule is laid down:

"If it is possible that the defendant was injured by this error, the verdict must be set aside. It is not for the defendant to show how or to what extent he was prejudiced. The existence of the error establishes his claim to relief. If the plaintiffs wish to sustain the verdict, it is for them to show that the error did not and could not have affected it."

After a careful consideration of the whole charge, we are not warranted in saying that the error was cured by the general charge.

In Phillips v. Railroad Co., 127 N. Y. 657, 27 N. E. 978, the court of appeals say:

"But erroneous instructions can be effectually cured only by their withdrawal in terms so explicit and unequivocal as to preclude the inference that the jury may have been influenced by them."

In People v. Hill, 65 Hun, 420, 20 N. Y. Supp. 187, the rule is thus stated:

"The charge being erroneous, we cannot say that the defendant was not possibly injured or prejudiced by the error, although the court correctly instructed the jury upon the question in other parts of the charge."

See, also, Leonard v. Collins, 70 N. Y. 90–94; Whitten v. Fitzwater, 129 N. Y. 626–629, 29 N. E. 298.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to abide the event. All concur.