(12 Misc. Rep. 514.)

### BITTNER v. CROSSTOWN ST. RY. CO.

(Superior Court of Buffalo, General Term. May 15, 1895.)

NEGLIGENCE—ERROR IN JUDGMENT.

There being evidence from which the jury could find that a motorman was solely at fault for running over a boy in the first instance, it was

proper to refuse to charge that the company was not responsible for error of judgment of the motorman in the management of the car after it struck the boy, he having by reversing, in attempting to avoid the accident, again run over him. Hatch, J., dissenting.

Appeal from trial term.

Action by Frank Bittner, as administrator, against the Crosstown Street-Railway Company, to recover damages for negligence of defendant causing the death of plaintiff's intestate. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed by divided count.

Argued before WHITE and HATCH, JJ.

Porter Norton, for appellant.

Emory P. Close, for respondent.

WHITE, J.    I am of the opinion that the judgment and order appealed from should be affirmed. The controversy as to whether they should or not depends substantially upon the correctness of the ruling by the trial court upon the defendant's request No. 4, as it appears in the appeal book. As I construe the language of the request, the refusal was right, and the exception is not well taken. As the evidence then stood, the jury would have been justified in finding either way upon the question as to whether or not the emergency which the motorman was called upon to meet after he had run over the body of the deceased in the first instance was attributable solely to his own negligence. If it was, then his efforts to extricate the boy from peril, however praiseworthy, would not relieve the defendant from the consequences of an error in judgment in making those efforts. Error in judgment on the part of one who negligently injures another cannot be invoked as a defense in behalf of him who causes the injury. With equal propriety might a cause of action in favor of the one injured be predicated upon his error in judgment in erroneously deciding that he could do with safety the act which resulted in his injury. Judgment and order appealed from affirmed.

HATCH, J. (dissenting).    The evidence in this case warranted the jury in finding that deceased was guilty of contributory negligence in being upon the track at the time he was struck, and that defendant was guilty of no negligence in coming in contact with him. The jury were instructed and were authorized to find that, notwithstanding such contributory negligence, still if deceased, when first run over, was still alive with a probability of surviving the injury, and the defendant backed its car over him, extinguishing life, a recovery could be had for the damages sustained. We have no quarrel with the rule of law thus laid down, if defendant was guilty of negligence which produced the death. But such conclusion raised a question which defendant was entitled to have clearly submitted to the jury. The evidence shows beyond question that the car was almost upon deceased when he was discovered by the motorman, and the latter testified that he instantly reversed the current of

electricity which propelled the car in order to avoid the casualty which occurred. The effect of this action was not only to stop the car, but to reverse its movement, causing it to run backward, and before it could be again reversed it had again passed over the boy. In this regard all of the testimony submitted upon that subject tended to establish that the car was thus caused to pass over the body at least once, and perhaps twice, before it was finally stopped, due, undoubtedly, to the several reversals of the electric current. It is manifest that it was the duty of the motorman to do such acts as would prevent injury, and, if unable to do that, to prevent, so far as possible, its severity. If deceased was guilty of contributory negligence, he could not be heard to complain that the motorman did not do the best thing to be done under all the circumstances, if he did the best that his judgment dictated, in view of the impending peril. If, therefore, in attempting to prevent injury to the boy, he reversed the current, and omitted to restore the reversal when his car stopped, erring in judgment as to the best thing to do, or was unable, by reason of the quick action of the current, to do so, either of which conditions is permissible to be found from the evidence, no liability could attach to defendant by reason of such acts, as deceased must then be held to have produced the peril, and liability does not attach for error in judgment or inability to remedy in time the effect of the first act. Rbing v. Railroad Co., 53 Hun, 321, 6 N. Y. Supp. 641; Schimpf v. Sliter, 64 Hun, 463, 19 N. Y. Supp. 644; Voak v. Railway Co., 75 N. Y. 323.

In view of the condition, defendant requested the court to charge "that the defendant is not responsible for the error in judgment, if there was any, on the part of the motorman, in the management of the car after it struck the boy." The court replied: "I have already charged you upon this proposition." An exception to this refusal was duly taken. Reference to the charge shows that the court had previously used this language:

"I may say, if the defendant was entirely free from fault in the first instance, or if the boy was guilty of negligence in running upon the track in the way he did, and the car had passed over him, a number of feet beyond him, and the boy was injured in his legs, as it is claimed by one of the plaintiff's witnesses, and was attempting to get up from the track, and the motorman was careless in the management of his car by running back upon him, * * * the plaintiff could recover, notwithstanding the boy was negligent in first going upon the track."

I do not think this charge met the request. The jury might have thought, from the movement of the car and from what the motorman did, that the car was improperly managed, and yet, if the act of mismanagement was based upon the judgment of the motorman, no fault could be imputed to him, and this defendant was entitled to have clearly understood. It was not what was best to be done, viewed from the result after the completion of the act, but was the act done, in the judgment of the doer, best under his then condition? The defendant was entitled to have considered whether the act was based on the judgment of the operator or not, yet in the charge no word is said about any error in this regard, and we do not think that such significance is attached to the use of the word "careless" in the

charge as to certainly convey to the jury a meaning that to find carelessness excluded a finding of error in judgment. The act of a person, done under great excitement and in much peril, may be the very opposite of what ought to be done, bringing a great calamity where security would attend proper action. But it would be working a still greater calamity to fasten responsibility where it be clear that the party acted the best that his light then presented. And it is the fact that such results are so likely to be reached that the person who is sought to be charged is entitled to full and explicit instructions upon the subject of which the charge here failed. The final qualification by the court upon exception by the defendant, "if the car was negligently run back," did not change the position, for it made no mention of the question which the request sought to present and have considered by the jury; it added nothing to the charge already made, but only reiterated it by the use of a synonymous word. What the request aimed at had precise application to the evidence, the court said it had already charged, yet not a word upon the subject appears. I do not think that the general statement contained in the charge answered or complied with defendant's rights in the premises. We cannot now say that this was harmless error, or that the error was cured by anything which was said; on the contrary, we think that it was a matter of vital importance, in view of the very serious conflict of evidence and the circumstances and surroundings of the accident, and can readily see that the jury may have been misled into attaching the same importance to a dangerous and improper act, resulting from poor judgment, as to an act in fact carelessly and negligently done, and it was this distinction that defendant sought to have, was entitled to have, clearly pointed out, and in respect to which the charge failed. The following cases authorize this conclusion: Brick v. Bosworth (Mass.) 39 N. E. 36; Krulder v. Woolverton (Super. N. Y.) 29 N. Y. Supp. 696; Zabriskie v. Smith, 13 N. Y. 322; Carroll v. Tucker, 7 Misc. 482, 27 N. Y. Supp. 985; Hamilton v. Railroad Co., 53 N. Y. 27.

It is said that the charge is not broad enough to raise the question sought to be presented, and it may be subject to criticism in this respect. But it is clear what was intended. There was a very sharp conflict in the evidence, and, upon all the propositions of negligence of the defendant and contributory negligence of the deceased, the jury might have found either way, so far as the management of the car was concerned after the boy was first struck. But it is by no means clear that defendant was guilty of any negligence in first running down the boy. So that the case is left largely, if not entirely, to depend upon the subsequent management of the car. In view of this condition, it is thought probable that the jury were misled as to the rule by which these acts were to be measured, and, if such be the fact, the court should order a new trial, even though the request and exception do not precisely meet the question. Shuttleworth v. Winter, 55 N. Y. 624; Johnson v. McConnel, 15 Hun, 295; Campanello v. Railroad Co. (Super. Buff.) 15 N. Y. Supp. 671; Cohen v. Kelly, 35 N. Y. Super. Ct. 42. I reach the conclusion that the testimony in this case calls for the application of the rule established

by the authorities cited, and that the judgment and order appealed from should be reversed, and a new trial ordered, costs to abide the event.