In the Matter of the NORTH RIVER BANK.

*Receiver — banking corporations — recovery of a deposit upon the ground that the bank was insolvent when the deposit was made — proof that the receiver received the identical moneys — summary applications of this nature discouraged.*

Where a depositor in an insolvent banking corporation applies for an order directing its receiver to repay him moneys which were deposited therein two hours before its failure, as alleged, upon the representation of its president that the bank was solvent, the depositor must show that the identical moneys came into the hands of the receiver.

The practice of deciding such claims upon summary applications is to be discouraged, and the claimant should ordinarily be remitted to his action at law, wherein the receiver, as representing the creditors, may require the claim to be established by common-law proof.

Appeal by Francis Higgins, as receiver of the North River Bank, in the city of New York, from an order, entered in the clerk's office of the county of New York on the 13th day of March, 1891, requiring him, as such receiver, to pay to the petitioners in this proceeding, Thomas B. Kniffin and George W. Tooker, the sum of $533.42, with interest thereon from November 12, 1890.

*Durnin & Hendrick*, for the receiver, appellant.

*Charles H. Johnson*, for the petitioners, respondents.

Van Brunt, P. J. :

The respondents presented a petition to the court setting out the appointment of the appellant as receiver of the North River Bank, a domestic corporation ; that they had kept an account in said

bank for several years, and that on the 12th of November, 1890, they sent, by their bookkeeper, a note to the president of the bank and the sum of $533.42 to be deposited in case a favorable answer to said note was received. That by said note inquiry was made as to the truth of certain rumors affecting the solvency of said bank, and the bookkeeper, upon being assured of the solvency of the bank, deposited said sum of money between 12.30 and 1 o'clock P. M. of that day ; that on the same day, at 2.15 P. M., the bank closed its doors and was insolvent and demanded that the court should order a repayment of said sum of money by the receiver.

This petition was supported by the affidavit of the bookkeeper, wherein he states that the president assured him of the solvency of the bank, and that, relying upon such assurance, he deposited the said sum of money with the bank. The receiver, in opposition to the motion, produced the affidavit of the president of the bank denying any recollection of any inquiry by the bookkeeper of the petitioners as to the solvency of the bank, and stating that if he did represent the bank to be solvent that he did so in good faith, without any fraudulent intent. The court granted the motion, and from the order thereupon entered this appeal is taken. The court below seems to have granted the motion upon the authority of *Crayie* v. *Hadley* (99 N. Y., 131). We think that upon an examination of that case it will be seen that, even if for no other reason, the motion should have been denied because one of the elements stated to be essential by that case was absent in the case at bar. The amount deposited by the petitioners had gone into the general funds of the bank ; there is no proof that it ever reached the hands of the receiver and there is no proof but that it has lost its identity. There is no pretense that any particular $533.42 which came into the hands of the receiver was the $533.42 deposited by the plaintiffs ; *non constat,* but that it may have been paid out during the one to two hours that the bank was doing its business.

Unless the money can be traced the petitioners could claim no preference. But beyond that we do not think that preferences of this kind should be established in this summary way. The party should be remitted to his action, upon the trial of which the witnesses could be duly examined and cross-examined, and the truth of the claim should be established in the ordinary way. It is true that the

receiver is an officer of the court, and in the disposition of the funds in his hands is subject to the order of the court, but he also represents the creditors of the corporation, and they should not be deprived of the right of having claims, which may have seriously affected them, established by common-law proof. This summary proceeding has been too often resorted to to establish priorities of claims which would not for a moment stand the test of investigation in open court.

We think, therefore, that the order was improperly granted and should be reversed, with ten dollars costs and disbursements and the motion denied, with leave to the petitioners to bring an action to establish the claim made herein.

DANIELS, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied, with leave to the petitioners to bring an action to establish the claim made therein.