THOMAS WILLIAMS, Appellant, *v.* SUPREME COUNCIL, AMERICAN
LEGION OF HONOR, Respondent.

JAMES BARTON, Appellant, *v.* SUPREME COUNCIL, AMERICAN LEGION
OF HONOR, Respondent.

*Fraternal beneficiary association — amendment of its by-laws reducing the amount payable under any certificate of life insurance to $2,000 — it is ineffective as to a certificate for $5,000 theretofore issued — payment under protest of the premiums on $2,000 of insurance only do not constitute a waiver, ratification or estoppel.*

A fraternal beneficiary association which has issued to a member a benefit certificate, by the terms of which his wife is to receive $5,000 upon his death, has no power, although it reserved to itself the right to amend its laws, rules and usages, to so amend the by-laws as to provide that $2,000 shall be the highest amount paid by it upon any benefit certificate, and thus divest the said member of rights which have already vested.

If, after the amendment of the by-laws, the association refuses to continue in force more than $2,000 of the insurance, it is guilty of a breach of contract which entitles the member in question to recover from the association the present value of the insurance for $3,000 which it refused to continue in force.

The fact that, after the association had declined to accept from the member in question assessments for the full amount of his certificate, the member continued for a period of sixteen months to pay, with more or less protest, assessments upon the $2,000 which the association was willing to continue in force, does not constitute a waiver of his cause of action for the breach of contract or a ratification of the act of the association or create an estoppel which will prevent him from thereafter maintaining an action against the association to recover damages therefor.

APPEALS by Thomas Williams and James Barton, the plaintiffs in the above-entitled actions, from judgments of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 11th day of June, 1902, upon the decision of the court rendered after a trial before the court without a jury at the Kings County Trial Term, dismissing the complaints upon the merits.

*Frederic A. Ward* and *J. Tracey Langan*, for the appellants.

*Henry A. Powell*, for the respondent.

WOODWARD, J.:

These cases were tried together, and the documentary evidence in each case (correspondence excepted) was the same. The *Barton* case, by reason of the correspondence, presents rather the better one for the plaintiff, but the discussion will deal with the *Williams* case. There is no substantial dispute as to the facts. The defendant is a fraternal beneficiary society, organized under the laws of Massachusetts. Twenty-two years ago the plaintiff, a painter, was admitted to membership in the defendant, in a class known as " 6 degree," and a certificate was issued to him, naming his wife as his beneficiary. By the terms of this certificate plaintiff's wife, upon his death, was to receive $5,000. For a period of over twenty years the plaintiff paid all of the assessments upon this policy and was, at the time of the alleged breach of contract for which this action was brought, about seventy years of age. It is well known that at the age of seventy years it is practically impossible to get insurance upon a life; if it is written at all, it is at such rates that it is out of the reach of the ordinary mechanic. One of the rights secured to the insured by the payment of his assessments during a series of years is a right to continue that insurance when he has passed beyond the age where he could get new insurance; it is a life contract, subject to be defeated only by the failure of the insured to meet his payments within the agreed time. In the year 1900 the defendant, assuming to act under a reserved power to amend the laws, rules and usages of the order, amended the by-laws to take effect on the first day of October of that year, to the effect, and they so provided, that " Two thousand dollars shall be the highest amount paid by the Order on the death of a member upon any benefit certificate." After this amendment was supposed to have gone into effect the plaintiff remained a member of his lodge, and tendered to his collector, as usual, $24, which had been the current assessment upon the basis of $5,000 of insurance. This the collector refused to accept for assessment No. 39, and returned the amount and would only receive $9.60, the assessment made upon a basis of $2,000 insurance. The plaintiff never consented to this action on the part of the supreme council in reducing the amount of his policy, and protested against it to one Riley, secretary of his local lodge, and to one Gleason, the supreme treasurer, who were the only officers or agents

of the defendant within his reach. Subsequently, the defendant continuing to refuse to accept more, the plaintiff paid the changed rate of assessment, under protest, down to the 28th day of February, 1902. With these facts before it the learned court at Trial Term, without a jury, held that by continuing his membership plaintiff ratified and accepted the change made in the laws of defendant, and waived any breach of contract arising out of said amendment to the by-laws, and dismissed the complaint upon the merits, with costs. Exception was duly taken to each ground of decision, and the questions are here presented for review.

In making this disposition of the case we are of opinion that the learned trial court erred. It must be deemed to be now established that, even though the right is reserved to the association to amend and change its by-laws, and although the by laws are said to form part of the contract between the association and its members, yet there is no power in the association to so amend its by-laws as to divest rights which have vested, however broad may be its power as to matters of administration. Within the rules laid down it must be held that no amendment to the by-laws of an association of this character can be made operative to divest rights which have already vested in the members. (*Farmers' Loan & Trust Co.* v. *Aberle,* 19 App. Div. 79 ; cited with approval in *Parish* v. *New York Produce Exchange,* 169 N. Y. 34, 49.) The court in the *Parish Case (supra)* say : " These cases, as we understand them, establish a principle which we deem well supported in reason, that the power of a corporation such as this one to amend its by-laws is a power to regulate within reasonable bounds, not a power to destroy the contract rights of its members." (Pp. 50, 51.) If we are right in the proposition that the payment of assessments from time to time vests in the insured a right to continue the insurance upon the terms agreed upon during his life, it follows that the defendant had no power to amend its by-laws in such a manner as to deprive the plaintiff of his vested right to continue his $5,000 policy, and its refusal, through its agent, to accept the assessments at the established rates, and thus to continue the insurance upon the basis agreed upon, constituted a breach of contract, giving the plaintiff a cause of action. Where one party to a contract declares to the other party to it that he will not make performance on the future day fixed by it therefor,

and does not, before the time arrives for an act to be done by the other party, withdraw his declaration, the other party is excused from performance on his part, and need not offer to perform, and may maintain his action for a breach of contract when the day has passed. (*Shaw* v. *Republic Life Ins. Co.*, 69 N. Y. 286, 293, and authorities there cited.) In the case at bar the plaintiff offered to perform his part of the agreement; he tendered his money for the insurance at the full rates, and this was refused by the defendant's collector or agent, so that there can be no doubt that at that time the plaintiff had a complete cause of action against the defendant for a breach of contract.

But, at the time of rejecting the full payment of $24, the plaintiff was permitted to pay $9.60 and to keep in force by such payment two-fifths of the amount of his former insurance, and for a period of sixteen months he continued, with more or less of protest, to make these payments. This, it has been held, constituted a waiver of the plaintiff's cause of action and a ratification of the change in the defendant's by-laws, and the question here presented is whether this is the law of this case. The plaintiff, an old man, confronted by the dilemma brought about through the wrongful conduct of the defendant in seeking to violate the obligation of its contract, and desiring, naturally enough, to continue some measure of protection to the companion of his declining years, made certain payments entitling him to some rights under his contract, and we are asked to hold that, because he did not elect to drop his entire insurance and rely upon the uncertain results of a litigation, he must be held to have acquiesced in the wrong and to have forfeited his rights. It seems to us rather that the plaintiff should be deemed merely to have discharged that duty which belongs even to a wrong-doer, and to have protected the defendant, in so far as it was permitted him to do, against the consequences of its own misconduct; that by continuing in force the insurance up to the amount of $2,000 the plaintiff had merely complied with that equitable rule of law which makes it the duty of one wronged by a breach of contract to make the damages as small as convenient under the circumstances. If we take this view of the question, then the defendant has been guilty of a breach of contract in so far as it has refused to continue in force $3,000 of the policy, and the plaintiff had a

right to recover the present value of so much of the policy as had been denied to him through the refusal of the defendant to accept the contract price of insurance for the full amount.

The plaintiff cannot be said to have waived any of his rights in respect to the breach of contract as thus understood by reason of his having, under the disadvantageous circumstances thrust upon him by the defendant, continued in force so much of the insurance as the defendant would permit. He had a cause of action for a breach of contract to keep himself insured for $5,000 instead of $2,000, and no amount of money which he may have paid to continue the $2,000 of insurance in force could have any effect upon his right of action for the partial breach of contract involved in the change in by-laws and the refusal of defendant to carry out the original contract. While it is probably true that the defendant, having no power to make this change in its by-laws, in so far as the plaintiff is concerned, cannot be deemed to have made a new contract with the plaintiff, we see no objection to holding that there was but a partial breach of the $5,000 contract, and that the plaintiff is entitled to recover the damages he may have sustained by reason of such partial failure of the defendant to perform its part of the agreement. This recognizes that maxim of the common law that there can be " no wrong without a remedy " ( *Williams* v. *Village of Port Chester*, 72 App. Div. 505, 508), and at the same time holds the defendant to no liability beyond that for which it is clearly answerable if justice is to prevail. Having refused to continue $3,000 of insurance, to which the plaintiff was entitled under the provisions of his contract, the defendant has become liable for the damages which the plaintiff may have suffered, and we discover no evidence of an intention on the part of the latter to waive his rights or to ratify the action of the defendant in changing its by-laws, nor yet of conduct on his part which would operate to work an estoppel. An estoppel may be defined in a general sense to be a preclusion of a person to assert a fact which has been admitted or determined under circumstances of solemnity, such as by matter of record or by deed, or which he has, by an act *in pais*, induced another to believe and act upon to his prejudice. (11 Am. & Eng. Ency. of Law [2d ed.] 387; *Veeder* v. *Mudgett*, 95 N. Y. 295, 310.) It is difficult to imagine how the payment of the only sum which the defendant

would consent to receive upon its contract could operate to its prejudice or preclude the plaintiff from asserting his rights.

The judgment appealed from in each case should be reversed and a new trial granted, costs to abide the event.

GOODRICH, P. J., HIRSCHBERG and HOOKER, JJ., concurred; JENKS, J., not sitting.

Judgment in each case reversed and new trial granted, costs to abide the event.