(78 Misc. Rep. 453.)

### In re PETERS.

(Supreme Court, Special Term for Motions, Kings County. December, 1912.)

RECEIVERS (§ 110*)—SUPERINTENDENT OF BANKS—LIQUIDATION—PAYMENTS
TO DEPOSITOR—JURISDICTION.

An application by an executor for an order directing the Superintendent
of Banks to pay, out of the moneys in his possession as liquidator of a
bank, the amount of his decedent's deposit therein, with interest, with the re-
turn of which decedent had demanded on learning that the institution
was not a savings bank, would be denied for want of jurisdiction.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 195–197; Dec.
Dig. § 110.*]

Application by William Peters, executor, for an order directing
George C. Van Tuyl, Jr., Superintendent of Banks, to pay over certain
moneys in his possession as liquidator of the Union Bank of Brook-
lyn. Motion denied.

Stroock & Stroock, of New York City (Edward F. Spitz, of New
York City, of counsel), for the motion.

Louis Goldstein, of Brooklyn (Rufus O. Catlin, of Brooklyn, of
counsel), for Superintendent of Banks, opposed.

STAPLETON, J. This is an application for a summary order di-
recting the Superintendent of Banks to pay over, out of moneys in
his possession as liquidator of the Union Bank of Brooklyn, the sum
of $1,100, with interest from the 4th day of April, 1910. The ap-
plicant presents a petition and supporting affidavits. The respondent
interposes an answer denying the material allegation of the petition,
and rests his opposition as to the facts upon that document.

The petitioner alleges that he is the executor of the last will and
testament of Carl Peters, deceased; that the Union Bank of Brook-
lyn, at all the times mentioned in the petition, was a banking corpora-
tion; that on April 4, 1910, the Superintendent of Banks, by virtue
of the authority vested in him under the banking law of the state,
assumed control of the Union Bank, but not actual charge of the
branch in which decedent made his deposit; that on the 5th day of
April, 1910, the Superintendent designated a special deputy to take
charge of the liquidation of the bank, and that that special deputy has
ever since been in charge; that the testator of the petitioner was of
German birth and limited education, being unable to read English and
speaking the English language with difficulty; that on the 4th day of .
April, 1910, he was upwards of 70 years of age and laboring under a
general impairment of the faculties, due to advancing years; that on
the 4th day of April, 1910, the decedent withdrew from the Hamilton .
Trust Company the sum of $2,600, his sole means of support, which
had been acquired by him from the estate of his deceased wife; that
he withdrew said sum in two checks, one for $1,500 and the other for
$1,100, in order to deposit them in savings banks and thereby to se-
cure a higher rate of interest; that the decedent deposited one of the
checks—the one for $1,500—in a savings bank, to wit, the East New

York Savings Bank, on the 4th day of April, 1910; that thereafter, on the same day, the decedent entered a branch of the Union Bank of Brooklyn and was referred to the manager thereof; that he informed the manager of the withdrawal of his money and the deposit in a savings bank of a part thereof; that he asked the manager what rate of interest was paid by the Union Bank, and that the manager stated it allowed 3½ per cent. per annum on deposits; that the decedent thereupon stated that that was not sufficient, "because the other savings bank in which I have deposited my money allows me 4 per cent."; that the manager said in reply, "Well, what we pay amounts to about the same thing, because we allow interest on deposits every month, and so, by the compounding of interest, it will amount to the same as your other bank pays you;" that by its answer to the questions of the decedent, and especially by the failure of the manager to state, when the testator referred to the other savings bank, that the Union Bank of Brooklyn itself was not a savings bank, the decedent was led to believe that the Union Bank of Brooklyn was in fact a savings bank; that at no time was decedent informed by the manager that the Union Bank of Brooklyn was not a savings bank; that testator thereupon, and after 3 o'clock on the afternoon of April 4, 1910, deposited in the Union Bank of Brooklyn the sum of $1,100; that upon learning that the Union Bank of Brooklyn was not a savings institution he demanded the return of his money from the Superintendent of Banks, as liquidator of the Union Bank of Brooklyn, through attorneys whom he had in the meantime consulted; that a new Superintendent of Banks was appointed; that the counsel for the former Superintendent stated that they were of the opinion that decedent was entitled to the return of his money and that they would so recommend to the banking department; that the claim was presented to the new Superintendent through his deputy; that the deputy did not affirmatively dispute the claim; that the claim was referred to the counsel for the new Superintendent, who insisted that it should be established in a proper judicial proceeding.

It appears from the affidavits that Carl Peters, the testator of the applicant, presented to the counsel of the former Superintendent, on or about the 10th day of December, 1910, a claim, verified in form, wherein he set forth what he claimed to be the facts, supported by a statement in the form of an affidavit, by the former manager of the Union Bank, to some extent corroborating his claim. Said Carl Peters died on the 12th day of June, 1912, leaving a last will and testament, which was duly probated, and letters testamentary were, on the 2d day of August, 1912, issued to the petitioner.

The applicant advances the proposition that an estoppel may be predicated upon the following state of facts: An opinion vouchsafed to the attorneys for the original claimant, by the counsel to the former Superintendent of Banks, that the claim of the decedent was entitled to preference; the failure of the deputy of the Superintendent of Banks affirmatively to repudiate the claim for preference; and the death of the original claimant pending the progress

of the negotiations. It is clear to me that the elements which bring a situation within the doctrine of estoppel are not present in that association of facts. Williams v. Supreme Council, 80 App. Div. 402, 406, 80 N. Y. Supp. 713.

The facts disclose an unfortunate situation, but no departure from the established rules of law should be made to meet a particular case of supposed hardship. The respondent is in possession of the assets of the bank for the benefit of all the creditors, and, unless a legal or equitable right to preference in payment is made out in an appropriate action or proceeding, the general rule, firmly established, which secures equality of payment among creditors, should be adhered to strictly. I have been pointed to no case in which a preference of the kind claimed by the applicant has been established in a summary way upon the application of the person claiming the preference, and, indeed, we have been admonished that the party should be remitted to his action, upon the trial of which the witnesses could be duly examined and cross-examined, and the truth of the claim established in the usual manner. Matter of North River Bank, 60 Hun, 91, 14 N. Y. Supp. 261.

I am aware that in People v. St. Nicholas Bank, 77 Hun, 159, 175, 28 N. Y. Supp. 407, the General Term in the First Department entertained an appeal taken by a receiver from an order made in a pending action, upon the application of a depositor and entitled in the action, which directed the receiver appointed therein to pay a creditor an alleged preferred claim. The General Term reversed the order of the Special Term. The theory upon which the appeal was entertained was that, that court, having theretofore, in People v. St. Nicholas Bank (Matter of Kursman) 76 Hun, 522, 28 N. Y. Supp. 114, held that a temporary receiver, as an officer of the court, had a right, pursuant to the provisions of the Code of Civil Procedure, to apply from time to time to the court for instructions, it followed that the court had the right and power to entertain an application on the part of a depositor for a direction to the receiver to pay a preferred claim. The court was careful to state, however, that even there a proper case was presented for the court to refuse to entertain a summary application and to remit the claimant to his remedy by action.

That case, however, is no authority for this application. I know of no warrant for an order except in a pending action or special proceeding, and it is not pretended that this application is made in an action, or that any proceeding known to the common or prescribed by the statute law has been instituted. As I feel constrained to deny this motion for lack of power and want of jurisdiction, it is unnecessary to determine whether, if the facts alleged were properly proved, in an authorized remedy, the applicant could or could not succeed, and I deem it needless, if not improper, to discuss the merits and pass upon the probative character of the evidence and sufficiency of the papers upon which the application has been presented, although I have very decided views regarding those features of the application.

Motion denied for lack of power, and upon the ground that the court is without jurisdiction to entertain it at the instance of the applicant.

Motion denied.