A. H. ALDEN & CO., Limited, v. NEW YORK COMMERCIAL CO.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. RECEIVERS (§ 78*)—ACTIONS—REMEDIES AGAINST RECEIVER IN RECEIVERSHIP PROCEEDING.

    While a court which through its receiver has possession of the assets of a party may on a summary application order the receiver to deliver property to a party claiming to be entitled thereto, where the facts are

---

simple or only questions of law are involved, the better practice is to decline jurisdiction where the contest involves an issue of fraud ordinarily triable by the jury.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 145–147; Dec. Dig. § 78.*]

2. BANKRUPTCY (§ 144*)—TRUSTEE—RIGHT TO POSSESSION OF PROPERTY.
    A state court having possession through its receiver of the property of a party subsequently adjudicated a bankrupt would as a matter of course order such property delivered to the trustee in bankruptcy on a motion by the trustee, since the bankrupt law is paramount.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 237; Dec. Dig. § 144.*]

Appeal from Special Term, New York County.

Action by A. H. Alden & Co., Limited, in behalf of itself and others similarly situated, against the New York Commercial Company for the appointment of a receiver. From an order appointing a referee to take proof and report upon the issues raised by an intervening petition of the Banca Commerciale Italiana, and the answer thereto, John Z. Lowe, Jr., and others, as trustees in bankruptcy of the New York Commercial Company, who were substituted in its place as defendants, appeal. Reversed, and petition denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph M. Hartfield, of New York City, for appellants.
Louis F. Doyle, of New York City, for respondents.

HOTCHKISS, J. The petition alleges that at London, England, on January 23, 1913, A. H. Alden & Co., Limited, drew its three several drafts, payable to its own order, upon the New York Commercial Company, which drafts were drawn against three several shipments of rubber aggregating 724 cases represented by bills of lading and shipping documents attached to the drafts. The drafts, with bills of lading, were immediately sold by Alden & Co., Limited, to the petitioner, to whom they were indorsed and delivered with the bills of lading and shipping documents. The drafts and accompanying papers were forwarded by petitioner to its agent in this city, and were on February 3, 1913, accepted by the Commercial Company, and thereupon the agent surrendered to the Commercial Company the bills of lading and other muniments of title to the rubber, relying upon the supposed solvency of the Commercial Company, which, as it is alleged, unknown to the agents, was then hopelessly insolvent, and took and received such muniments with the intent to secure possession of the rubber, and not to pay the drafts. The rubber arrived in New York and was received by the Commercial Company on February 4th. On February 15th the appellant, John Z. Lowe, Jr., was by the court of law and chancery of the city of Norfolk, Va., appointed receiver of the Commercial Company in an action based upon the company's insolvency, and on February 17, 1913, Lowe was appointed ancillary receiver of the company in this state in the action above entitled, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as such ancillary receiver has come into the possession of upwards of $33,000, representing the proceeds of a part of the aforesaid identical cases of rubber, and the same remains in his hands. On April 4th the drafts were protested for nonpayment. On the foregoing facts the petitioner asked for an order directing Lowe as receiver to pay over to it the moneys aforesaid. The answer of Lowe, as receiver, to the petition, put in issue all of the material allegations of fraud. It further appeared by affidavits that on April 12, 1913, the Commercial Company was adjudicated a bankrupt by the United States District Court for the Southern District of New York, and that Lowe and two others were appointed trustees of the bankrupt's estate and were such trustees prior to the date of the petition herein. Subsequent to the entry of the order appealed from, the trustees were made parties to and substituted for the New York Commercial Company, defendant in the action in which this petition is entitled, and as such are appellants on this appeal.

[1] We may, for the purpose of this appeal, concede that the petition states facts sufficient to entitle the petitioner in a proper proceeding to reclaim the money in question. Whitten v. Fitzwater, 129 N. Y. 626, 29 N. E. 298. The argument of the respondent is substantially as follows: The trustees in bankruptcy have not taken possession of the assets of the Commercial Company; so long, therefore, as these assets remain in this court, it is its right and duty to deal with them without regard for the bankruptcy proceedings. While it is unquestionably within the power of this court to entertain summary applications of this character under appropriate circumstances, it is purely a matter of discretion for the court to do so, and it is by no means a matter of course to grant them. Where the facts are simple, or where only questions of law are involved, and the issue does not involve conflicting claims of third parties, such summary applications may properly be permitted, but where, as here, the contest involves an issue of fraud, ordinarily triable by jury, the better practice is to decline jurisdiction. Matter of North River Bank, 60 Hun, 91, 14 N. Y. Supp. 261; People v. St. Nicholas Bank, 77 Hun, 159, 174, 28 N. Y. Supp. 407.

[2] We may also observe that, while it may be true that the trustees in bankruptcy have not yet acquired from the receiver possession of the assets of the bankrupt company, and that therefore as matter of technical right this court has the power to entertain the present application and to proceed therein until it shall have directed its receiver to attorn to the trustees in bankruptcy (In re Watts, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933), yet we must remember that the bankrupt law is paramount, and that, when properly moved by the trustees, it would be a matter of course for this court to pass the necessary order investing them with the assets in the hands of its receiver. We may assume that such an application will be made in due course; but, if not, the petitioner's right to bring a plenary action for the enforcement of his claim is in no way prejudiced.

The order should be reversed, with $10 costs and disbursements, and the petition denied, with $10 costs. All concur.