BERLIN CONSTRUCTION COMPANY, Respondent, *v.* HERMAN W. HOOPS, Appellant.

First Department, July 2, 1920.

Fraud — action by creditor of corporation against president thereof — statement by defendant in reference to paying bills of corporation as misstatement of facts — refusal of defendant to further finance corporation as evidence of past fraudulent representation — right of court to set aside verdict because it might not have reached same result.

In an action for fraud and deceit it appeared that the plaintiff had entered into a contract with a corporation of which the defendant was the president, but that not being satisfied with the financial responsibility of the corporation, the plaintiff interviewed the defendant and was told by him that " he was furnishing money and that our bills would be paid when due; that he had arranged for the moneys with which the bills would be paid; " that the defendant did not participate actively in the management of the corporation, but had made arrangements to finance the concern and that he had ample funds in the bank with which to do it, and that the said corporation failed to pay the amount due on the contract.

*Held*, that the only material statement of facts appearing in the statements made by the defendant is that the defendant " had arranged for the moneys with which the bills would be paid," and unless that can be construed as a declaration that the defendant was under a contract obligation with his corporation to furnish it such funds, it is not a misstatement of any fact, but is consistent with a construction that the defendant at that time possessed funds sufficient to pay the bills.

If for reasons happening in the future the defendant in good faith refused to finance his corporation, such future conduct is not conclusive evidence of a past fraudulent representation.

A verdict should not be set aside simply because the court, upon the evidence before it, may not have reached the same result as that which the jury reached.

DOWLING and PAGE, JJ., dissent.

APPEAL by the defendant, Herman W. Hoops, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1919, granting plaintiff's motion for a new trial, and setting aside the verdict rendered in defendant's favor.

*George D. Zahm,* for the appellant.

*Osmond K. Fraenkel* of counsel [*Louis Werner,* attorney], for the respondent.

GREENBAUM, J.:

Upon the first trial of this action the court dismissed the complaint at the close of the entire case. The judgment entered upon the dismissal was reversed upon appeal by a divided court. (185 App. Div. 277.) This court held that " the evidence clearly required the submission of the case to the jury." Upon the second trial the jury found a verdict for the defendant which the trial court set aside upon the ground that the verdict was against the weight of the evidence.

A reading of the charge of the learned court shows that it was eminently fair and very favorable to plaintiff's case. The only exception that was taken thereto on behalf of the plaintiff was one that was not well founded. Not only was the charge absolutely fair to the plaintiff, but the defendant was seriously handicapped by the refusal of the learned trial justice to permit certain questions bearing upon his intent to perpetrate a fraud upon the plaintiff and also other questions which would have a bearing upon his intent, such as whether he furnished any money to the Columbian Marble Company, all of which was excluded and which if the verdict had gone against the defendant would have constituted reversible errors.

The complaint was predicated upon fraud. It appears that on or about the 30th day of September, 1909, plaintiff had entered into a contract with the Columbian Marble Company, which was engaged in business at Rutland, Vt., and of which the defendant was the president, whose office, however, was in the city of New York. It further appears that as a matter of fact the defendant had no personal knowledge whatever of the details of the business and did not participate therein, but that he was the person who was to finance the affairs of the Columbian Marble Company.

The complaint alleges that after the making of certain contracts with the Columbian Marble Company, the plaintiff interviewed the defendant and requested him to guarantee them. It is then alleged that " the defendant refused to guarantee

the said agreements, but with the intent to deceive and defraud plaintiff, and in order to induce the plaintiff not to cancel the said agreements and to construct the buildings, and to render the work, labor and services and furnish the materials mentioned in the aforesaid agreements on credit and on the terms and conditions mentioned in the aforesaid agreements, the defendant did falsely represent to the plaintiff, that the money with which to make to the plaintiff the payments provided for in the said agreements had already been arranged for."

. The complaint also contains the other usual allegations appropriate to an action for fraud and deceit. The conversation in the course of which the alleged misrepresentations were made was held between the plaintiff's president and the defendant at the latter's office in New York city. The testimony of the plaintiff as to what the defendant said is as follows: " I said to Mr. Hoops that on the evening before, at Rutland, I had signed two contracts with Mr. White, vice-president, and Mr. Underhill, general manager, of the Columbian Marble Company, and as I was not satisfied in my own mind as to their financial ability to meet our payments when due I had asked them if they could give me some reference. I told Mr. Hoops * * * that Mr. White told me that Mr. Hoops of New York was financing the company, furnishing money, and that I could refer to him, and if I wasn't satisfied with what he told me that I could cancel the contract. I told Mr. Hoops that I asked Mr. White and Mr. Underhill to give me that in writing, which they did. * * * I showed Mr. Hoops the two contracts and the letter which referred me to him, and I asked him if he could — what he could tell me in regard to the financial condition of the company. And he told me that he was furnishing money and that our bills would be paid when due; that he had arranged for the moneys with which the bills would be paid."

The complaint shows that the total amount due under the contract from the Columbian Marble Company to the plaintiff was upwards of $12,000, of which upwards of $7,000 had been paid, leaving a balance of $5,000 still owing to the plaintiff. The defendant testified that he had made arrangements to

finance the concern and that he had ample funds in the bank with which to do it. It appears from the testimony of Mr. Hoops, the defendant, that he paid over large amounts of money from time to time for the use of the business of the Columbian Marble Company.

As already remarked, what amount he paid out the trial justice did not permit him to state. The defendant testified at the trial that he knew nothing of any attempt on the part of the plaintiff to hold him personally liable for the payment of its bill against the Columbian Marble Company until he received the complaint, three years after his interview with plaintiff's president.

The court fully explained to the jury the elements which must be considered in a case of fraud. Among these the court stated that the jury must find that the representation of the defendant to the plaintiff was made with the intent to cheat and defraud the plaintiff. There was sufficient evidence in the case to justify the jury in finding that there was no such intent and that defendant perpetrated no fraud upon the plaintiff.

Furthermore, an examination of the statements constituting the alleged fraudulent representations, above set forth, reveals that the only material statement of fact appearing therein is that the defendant " had arranged for the moneys with which the bills would be paid." Unless this can be construed as a declaration that Hoops was under a contract obligation with the Columbian Marble Company to furnish it such funds, as respondent contends, it is not a misstatement of any fact. It is perfectly consistent with a construction that Hoops at that time possessed funds sufficient to pay the bills. It is not shown that such was not the case.

It must be borne in mind that defendant did not guarantee the account and can only be held upon a representation which he knew at the time was false.

If for reasons happening in the future defendant in good faith refused to finance the Columbian Marble Company, such future conduct is not conclusive evidence of a past fraudulent representation. It was for the jury to say whether upon the proofs the defendant was guilty of fraud.

It is well settled that the verdict may not be set aside

simply because the court, upon the evidence before it, may not have reached the same result as that which the jury reached.

The order setting aside the verdict should be reversed, with costs, and the verdict as rendered by the jury should be reinstated and judgment ordered to be entered thereupon, with costs.

CLARKE, P. J., and SMITH, J., concur; DOWLING and PAGE, JJ., dissent.

Order reversed, with costs, verdict reinstated and judgment ordered to be entered thereupon, with costs.