THE DWELLE-KAISER COMPANY, Appellant, *v.* ÆTNA CASUALTY
AND SURETY COMPANY, Respondent.

Fourth Department, January 7, 1925.

**Fraud and deceit — complaint alleged that defendant, bond carrier for
building contractor, after contractor became insolvent, substituted its
own directors for purpose and intent of procuring plaintiff to render
.additional services and furnish additional material with intent not to
pay therefor — mere silence as to financial condition of contractor not
actionable — plaintiff did not have knowledge of insolvency — complaint
states cause of action.**

A complaint in an action for fraud and deceit is sufficient which alleges that the
plaintiff was a subcontractor in the construction of a school building; that
the defendant was the bond carrier for the contractor and without the knowledge
of the plaintiff at a time when the contractor was insolvent, procured the
contractor to assign to the defendant all moneys due or to become due upon
the contract; that the defendant with knowledge that the completion of the
building would cost more than was due under the contract held by the con-
tractor, took over the contractor's corporation and placed in charge thereof,
as directors and officers, men of its own selection with the purpose and intent,
through such officers and agents acting for it in the guise of the contracting
corporation, of continuing the progress of the work, and with the intent of
procuring the plaintiff to render further services and furnish further materials
with no possibility of it receiving pay from the contractor because of the con-
tractor's insolvency; that such action on the part of the defendant was done
for the purpose of saving itself from loss on its agreement as bond carrier; that
the plaintiff, without knowledge of the insolvency of the contractor, or of the
insufficiency of the amounts due on the contract to pay for the completion of
the work, or of the action taken by the defendant in reference to the contract
or corporation, did furnish additional labor and material in the belief that the
contractor was solvent and was conducting its own affairs.

The mere silence of the contractor, or of the defendant as to the insolvency of
the contractor, is not such misrepresentation as will void the contract, although
the fact, if known to the plaintiff, would have affected the contractor's credit,
nor does such silence establish an intent not to pay, but the plaintiff alleged
more than mere silence — it alleged an intention not to pay, certain overt acts
to give an apparent financial responsibility, and an order and direction to the
plaintiff to continue to furnish work and materials to the insolvent contractor.

APPEAL by the plaintiff, The Dwelle-Kaiser Company, from an
order of the Supreme Court, made at the Erie Special Term and
entered in the office of the clerk of the county of Erie on the 22d
day of April, 1924, granting defendant's motion for judgment
dismissing the amended complaint on the ground that it does not
state facts sufficient to constitute a cause of action, and also from
a judgment entered in said clerk's office on the 15th day of July,
1924, pursuant to said order.

24

*Lewis & Carroll* [*W. C. Carroll* of counsel], for the appellant.

*Bond, Schoeneck & King* [*Edward L. Robertson* of counsel], for the respondent.

·SEARS, J.:

The defendant has obtained a judgment entered on the order of the Special Term dismissing the plaintiff's amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action. The material allegations of the voluminous complaint may be summarized as follows:

1. In January, 1918, the Schaefer Construction Company contracted with the city of Syracuse to construct a school building.

2. Thereafter the Maryland Casualty Company executed a bond to the city conditioned upon the faithful performance of the contract by the Schaefer Construction Company.

3. The defendant entered into an " agreement and arrangement " with the Maryland Casualty Company to assume all liability and responsibility of the Maryland Casualty Company upon its bond to the city of Syracuse, and to replace the Maryland Casualty Company as a surety upon said bond and hold the Maryland Casualty Company harmless from loss thereunder.

4. The plaintiff entered into a contract with the Schaefer Construction Company to furnish certain glass and to do certain glazing in the building at a contract price of $2,326.34.

5. By the 20th of February, 1920, the plaintiff had partly performed the contract by furnishing work and materials to the value of $1,585.54 and had been fully paid therefor.

6. Prior to August, 1920, the defendant procured the Schaefer Construction Company to assign to it all moneys due or to become due upon its contract with the city.

7. In August, 1920, and for a long time prior thereto, the Schaefer Construction Company was insolvent.

8. About the month of August, 1920, the defendant, with full knowledge of the situation, including knowledge that the completion of the school would cost greatly in excess of any sums due or to become due under the contract of the Schaefer Construction Company with the city of Syracuse, and that the Schaefer Construction Company was unable to perform and complete its contract with the city, and would be compelled to abandon the same, " took over into its own charge, care and custody the said Schaefer Construction Company, and did place as directors and persons in control and in charge of the business and affairs of said Schaefer Construction Company its own representatives and agents as directors and officers of said company and controlled all of its

property, business and affairs with the purpose and intent, through such officers and agents acting for it in the guise of the Schaefer Construction Company, of continuing the progress of said work and completing said school, with the wrongful, selfish and unlawful purpose of procuring labor and materials to be furnished and performed upon said school, with the knowledge that at the completion thereof there would be no moneys whatsoever of the Schaefer Construction Company coming from the City of Syracuse or otherwise to pay for the same, and to the end and for the purpose of so completing the same at the expense of those who should furnish labor and material therefor, including this plaintiff " and to save itself from loss upon its agreement and arrangement with the Maryland Casualty Company.

9. While the plaintiff was in ignorance of the insolvency of the Schaefer Construction Company, of the insufficiency of the amounts unpaid by the city to complete the work, and of the actions of the defendant mentioned above, " the said defendant, through and in the guise of the Schaefer Construction Company and knowing that the said Schaefer Construction Company was insolvent and out of its own property or resources would be unable to pay therefor, * * * did between the 1st day of October and the 5th day of February, 1921, order, procure and direct this plaintiff to furnish glass and glazing for said school and do the work and furnish extra materials and labor, all at the reasonable value of $740.83."

10. The plaintiff furnished said material and performed said work of such value " in the belief that the Schaefer Construction Company was a solvent, going concern, conducting its own * * * affairs and with its own resources."

11. The acts of defendant were with the wrongful intent of securing the completion of the contract with the city without payment to the plaintiff, but to secure the defendant from loss.

12. By reason of the premises the plaintiff has suffered loss and damage in the sum of $740.83.

13. Thereafter the Schaefer Construction Company was adjudicated a bankrupt without assets.

A second cause of action, growing out of a different but similar transaction, is alleged in terms entirely like those used to set forth the one summarized above.

The mere omission of a party to a contract who is receiving credit to disclose his insolvency to the other party at the time the contract is made is not such misrepresentation as will avoid the contract although the fact if known to the other would affect his credit. It is not fraudulent to say nothing. The silence of the insolvent contracting party does not establish an intent

not to pay. (*Peoples' Bank* v. *Bogart*, 81 N. Y. 101; *Berlin Construction Co.* v. *Hoops*, 192 App. Div. 730; affd., 233 N. Y. 526; *Dambmann* v. *Schulting*, 75 id. 55.) But where, in addition to insolvency, an intention not to pay actually exists at the time, the case is otherwise. (*Hotchkin* v. *Third Nat. Bank*, 127 N. Y. 329; *Morris* v. *Talcott*, 96 id. 100; *Wright* v. *Brown*, 67 id. 1.)

There is no allegation in the complaint here that the insolvency of the Schaefer Construction Company existed at the time the contract with the plaintiff was made. It must be taken to have occurred during the performance of the work. There was no greater obligation to disclose insolvency during the pendency of the work than at the beginning and fraud in this case cannot be predicated, even against the Schaefer Construction Company, upon the mere failure on the part of that corporation to disclose its insolvency when it occurred. More than silence however, is alleged in the complaint. There is, *first*, an intention not to pay; and, *second*, certain overt acts to give a false impression of financial responsibility, and, *third*, an order, procurement and direction to the plaintiff to continue to furnish work and materials to the insolvent Schaefer Construction Company. Had the plaintiff known of the financial condition of the Schaefer Construction Company when it received these orders, it would not have been justified in unqualifiedly refusing to proceed and in abandoning the contract. (*Hanna* v. *Florence Iron Co.*, 222 N. Y. 290.) It would have been justified in requiring payment as a condition to proceeding so as to obviate further reliance upon the credit of the Schaefer Construction Company. (*Pardee* v. *Kanady*, 100 N. Y. 121.) The acts alleged deprived the plaintiff of its right to be relieved from doing further work on the credit of an insolvent. They constituted an actionable wrong on the part of the Schaefer Construction Company. (*Whitten* v. *Fitzwater*, 129 N. Y. 626; *Bienenstok* v. *Ammidown*, 11 Misc. 76.)

The allegations of the complaint are to the effect that the defendant co-operated with the Schaefer Construction Company in presenting a false appearance of financial responsibility with the intent of securing work and material from the plaintiff without payment therefor. In fact the allegations are to the effect that the defendant was the principal in perpetrating the fraud.

A rescission of the contract is impossible. No relief other than for damages is available to the plaintiff. In our opinion, on the facts, the defendant as well as the Schaefer Construction Company is responsible to the plaintiff for its loss. The cause of action may be looked upon as one for deceit (Williston Cont. § 1521) or for money had and received. (*Miller* v. *Schloss*, 218 N. Y. 400.)

In an action for deceit the absence of an allegation of benefit to the plaintiff will not defeat him. (*Laska* v. *Harris*, 215 N. Y. 554.) In an action for money had and received, it is sufficient if the defendant, as in this case, has received the benefit indirectly. (*National Trust Co.* v. *Gleason*, 77 N. Y. 400.) We are, therefore, of the opinion that the complaint alleges facts sufficient to constitute a cause of action.

The judgment appealed from should be reversed, with costs, and the motion for judgment denied, with ten dollars costs.

HUBBS, P. J., CLARK, DAVIS and CROUCH, JJ., concur.

Judgment and order reversed on the law, with costs, and motion for judgment on the pleadings denied, with ten dollars costs.