Harry Rubin, Respondent, *v.* Pilgrim Costume Co., Inc., and Another, Defendants, Impleaded with Louis Solomon, Appellant.

First Department, May 14, 1926.

Bills and notes — action against indorsers — after maturity of note on indorser, who did not appear, gave collateral security and gave new notes indorsed by wife — appellant, other indorser, was not notified of new arrangement — question of fact was presented depending upon conflicting testimony, whether new contract was made which released appellant — error for court to set aside verdict in favor of appellant.

In an action against indorsers on a promissory note, one only of whom appeared, in which the defense was set up by the indorser appearing that the original obligation arising on the indorsement was canceled, it was error for the court to set aside the verdict of a jury in favor of the appellant, the indorser who appeared and answered, since it appears that upon the maturity of the note the other indorser gave collateral security and executed new notes indorsed by his wife; that the appellant was not aware of the new arrangement and was not notified of a subsequent sale of the collateral although credit was given on the original note for the amount realized on the collateral; and that an issue was presented depending for its determination upon the consideration of conflicting testimony of various degrees of credibility — an issue peculiarly for the jury to determine.

The jury having determined that an independent agreement was entered into between the plaintiff and the other indorser, without notice to the appellant, whereby the plaintiff accepted, in lieu of the note in suit, collateral security and other notes bearing new indorsements, and agreed to cancel the note in suit, and this finding having been based on conflicting testimony, it was error for the court to overrule the action of the jury.

Appeal by the defendant, Louis Solomon, from an order of the Supreme Court, made at the Bronx Trial Term and entered in the office of the clerk of the county of Bronx on the 22d day of May, 1925, setting aside the verdict of a jury and granting a new trial upon the minutes.

*Alexander Karlin* of counsel, for the appellant.

*Hyman Rubin* of counsel [*Harry M. Justir* with him on the brief], for the respondent.

Martin, J. The plaintiff seeks to recover the amount alleged to be due upon a promissory note made by the defendant Pilgrim Costume Co., Inc., and indorsed by the defendants Benjamin Siskind and Louis Solomon. The defendant Louis Solomon, the only defendant upon whom service could be effected, appeared and as a defense to the action set up cancellation of the original obligation. The jury brought in a verdict for this defendant. The court set aside the verdict as contrary to the evidence. In this we think the trial court erred.

Some time after the original note had become due, Siskind went to plaintiff's attorney with a diamond ring and made a chattel mortgage thereon as collateral, also executing five new notes for the sum of $2,250, a sum $250 in excess of the amount of the note indorsed by appellant. These new notes were indorsed by Siskind's wife and not by this defendant. The defendant Siskind received due notice of foreclosure of the chattel mortgage on the ring, and, though it had been purchased for $2,075, it was sold in the office of the plaintiff's attorney to Morris Peretsky, an uncle of this attorney, for $500. The defendant Solomon seems to have had no notice of the second arrangement, and he was not notified that the ring would be sold. It also appears that accounts assigned as security for the original note were collected by Siskind, who says that the amount so collected went to the maker of the note, Pilgrim Costume Co., Inc.

In this action, which proceeds as one on the appellant's indorsement of the original note, credit is given for the amount obtained by the sale of the ring given as collateral.

The court charged the jury that: " The clean issue is whether there was a meeting of the minds so that subsequent to the default upon the payment for the sum covered by the original note both parties agreed to a new contract entirely, which is not sued upon here."

We agree with appellant that the issue presented to the jury under the charge as to the claim respecting the cancellation of the note in suit being one of fact to be determined on conflicting testimony of various degrees of credibility, it was error to set aside the verdict as being against the weight of evidence. It was an issue of credibility peculiarly for the jury to determine. The uncontradicted evidence of plaintiff's witnesses and the admitted facts support the defendant's contention.

The indorser contended that there had been an independent agreement by the terms of which the plaintiff, without notice to the indorser, accepted, in lieu of the note in suit, the chattel mortgage on the diamond ring and five other notes bearing a new indorsement, and agreed to cancel the note in suit, as well as to look to the new obligation, indorsement and security for payment, discharging the indorser of the original note.

The defendant Siskind, who was the treasurer of the corporate defendant, testified that at a time when the note indorsed by Solomon remained unpaid, the plaintiff suggested that if he had any jewelry to meet the obligation, it would be acceptable. This was in July, 1924. Rubin told him that if he would give collateral to pay the old note, which is now sued upon, he would drop the old matter on Siskind's signing new notes in addition to giving the jewelry as collateral.

The appellant as indorser was not sued when the original note became due, and, although his financial responsibility appears not to have been questioned, the arrangement referred to above was made and the new notes, the new indorsement and the mortgage were delivered.

It is to be implied that the jury found the transaction to constitute a new agreement, and not to have been a mere matter of furnishing additional security for the note first given.

In *Bergoff* v. *Park Row Bazaar, Inc.* (185 N. Y. Supp. 866) the court said: " The jury are the sole judges of the credibility of the witnesses and the probability of the conflicting stories, and unless the evidence preponderates in favor of the unsuccessful party to an extent which justifies an inference that the verdict is the result of prejudice, passion, or mistake, neither the trial court nor the appellate court has a right to set aside the verdict. No such condition exists in the present case   *   *   *."

In *Berlin Construction Co.* v. *Hoops* (192 App. Div. 730) this court said: " It was for the jury to say whether upon the proofs the defendant was guilty of fraud. It is well settled that the verdict may not be set aside simply because the court, upon the evidence before it, may not have reached the same result as that which the jury reached."

No exceptions were taken by plaintiff's counsel to the charge. An examination of the record discloses that the verdict is amply supported by the evidence and should not have been disturbed.

The order setting aside the verdict should be reversed, with costs, and the verdict reinstated and judgment directed to be entered thereon, with costs.

CLARKE, P. J., MERRELL and FINCH, JJ., concur.

Order reversed, with costs, verdict reinstated and judgment directed to be entered thereon, with costs.